M'NISH, *administratrix, &c. vs.* COON.

Where one party enters into a contract to pay to another a certain sum of money *in services of a particular character* and within a given time, and the party contracting disables himself from rendering the services within the specified time, *a demand of performance* need not be shown to entitle the other party to sustain an action for the amount specified in the contract.

ERROR from the Washington common pleas. M'Nish, the intestate, sued Coon on an instrument in writing, dated 2d December, 1823, whereby Coon promised to pay M'Nish $63,-70 *in sawing to be done at the mill near the house of Daniel Coon;* to be performed during the term specified in a lease made by D. R. to A. M'Nish, date 6th November, 1816, and which lease expires on the 6th November, 1825. The plaintiff declared specially on the contract, and the declaration also con-

tained a count in *indebitatus assumpsit.* The making of the contract and the consideration therefor were proved, and also that the spring of 1824 the *dam* of the mill specified in the contract was carried away by a freshet, and had never since been repaired, and that in the beginning of *October*, 1825, the mill was *sold* by the owners thereof, the defendant being one of such owners, and taken away. It was shewn that the dam might have been repaired in a few days. A verdict was entered for the plaintiff for the amount of the note, subject to the opinion of the court on a case to be made ; and from a bill of exceptions attached to the record, it appears that on the argument of such case, it was objected that the plaintiff was not entitled to recover, not having proved a *demand of payment* in the mode specified in the note, and that the common pleas sustained such objection. Wherupon judgement was entered for the defendant. The plaintiff sued out a writ of error.

*J. Edwards & S. Stevens,* for the plaintiff in error, cited 6 *Wendell,* 369, 12 *Mass. R.* 86, 2 *Caines,* 121.

*C. L. Allen,* for the plaintiff, conceded that where, in the case of a contract like the present, it is out of the power of the party promising to perform, it is unnecessary to make a demand of performance according to the stipulations of the contract ; but he contended that here the disability was merely temporary, which might have been removed, probably would have been, had a *demand* been made. He cited *Chitty in Cont.* 274, *Chipman on Cont.* 23, 41, 1 *Dane's Abr.* 229, 6 *Petersdorff,* 141.

*By the Court,* SUTHERLAND, J. The sale and removal of the mill in the fore part of *October* is a decisive fact against the defendant. The plaintiff had a right to wait as long as he pleased before he demanded the sawing, so that time enough was left to the defendant to perform it before the expiration of the lease, which was the *sixth day of November.* There is nothing in the case to show that a *month* was not more than sufficient for that purpose ; and in the fore part of *October,*

ALBANY,
Oct. 1834.

M'Nish
v.
Coon.

before the plaintiff was obliged to make the demand, the defendant had disabled himself from performing, by the sale and removal of the mill. Upon this ground the plaintiff was clearly excused from making a demand; it would have been an act entirely nugatory; the defendant had not the physical power of performing; there was no mill at the place where the sawing was to be done. The case of *Lovett* v. *Cornwell & Wing*, 6 *Wendell*, 369, is in point. The court below should have held that the plaintiff had excused the demand, and was entitled to recover.

Judgment reversed; *venire de novo.*