## THOMAS *vs.* DICKINSON.

Where a contract is void, by the statute of frauds, the full performance of it by the plaintiff and a partial performance by the defendant, will not take it out of the statute as to what remains to be done.

A parol contract for the sale of land, being void by the statute of frauds, an action cannot be maintained thereon, for the non-performance by the purchaser.  If the vendor has performed on his part, his remedy is by an action upon the common counts, to recover the unpaid purchase money.

Where a vendor performs his part of a parol agreement for the sale of land, by transferring the same to the purchaser, and the latter fails to perform, as to a part of the purchase money, the vendor may treat the agreement as a

nullity, and recover the balance of the purchase money remaining unpaid, in an action upon the common counts.

In order to maintain such an action, it is not necessary that the vendor should return, or offer to return, what he has received of the purchaser.

The doctrine that where a party would rescind a contract, he must put the other party *in statu quo* by an entire surrender of every thing he has obtained under the contract; and of the necessity of such rescission in order to maintain an action for the value of the property parted with under it, has no application to such a case. It applies only to valid contracts.

THIS was a motion on the part of the defendant for a new trial on a case. The action was commenced in March, 1848, and the declaration was in assumpsit, on the common counts, for real estate, contracts for the sale of real estate, buildings, improvements upon land, and rights, interests, claims and possessions of the plaintiff, of, in and to certain real estate conveyed, assigned and delivered to the defendant; also for money alledged to be due upon an account stated. The plea was the general issue. The cause was tried at the Steuben circuit in May, 1851, when the following facts were proved: In April, or May, 1845, a parol agreement was made between the parties, whereby the plaintiff was to transfer to the defendant the interest of the plaintiff in two lots of land, held under two contracts for the purchase of the same, and the defendant was to convey to the plaintiff, in fee, a parcel of land of eighteen or nineteen acres, and pay him $800 or $850. It was also part of the agreement, either that the defendant would assign to the plaintiff a debt of $800 against one Campbell, arising from the sale by the defendant to Campbell of what was called the carding machine property, to be secured by a bond and a mortgage upon the property, or that he would convey to the plaintiff the carding machine property, and transfer to him the agreement for the sale of it, before that time entered into between Campbell and the defendant. The witnesses differed in respect to which of these things was to be done by the defendant. The agreement between the parties was fully performed on the part of the plaintiff, and also on the part of the defendant, except that portion of the agreement relating to the assignment of the debt against Campbell, or the transfer of the property, with the agreement

for the sale of it to Campbell. The agreement referred to, be-tween the defendant and Campbell, was not in writing, and Campbell afterwards refused to complete it. There was no proof that the defendant had refused to convey to the plaintiff the property which was the subject matter of that agreement, and transfer therewith the claims against Campbell. At the close of the proofs, the defendant moved for a nonsuit, upon the grounds, that to maintain the action, it was necessary the con-tract should be rescinded; that it could not be affirmed in part, and rescinded in part, but must be rescinded in toto; that in order to a rescission, and to entitle the plaintiff to resort to the common counts, the plaintiff was required to return whatever he had received under the contract, so as to place the defendant in *statu quo*; that a party suing for the consideration paid under a void agreement must not only show a full performance on his part, but a request to the other party to perform, and a refusal; and that the plaintiff had failed to prove any demand for the assignment of the debt, or the security, or the convey-ance of the land. The justice denied the motion for a nonsuit, and the defendant excepted. The justice then charged the jury, that if they found, from the evidence, that the agreement between the parties was, that the plaintiff should sell to the defendant the farm described in the two contracts, and that the defendant should pay to him for that property the piece of about nineteen acres of land, and the money mentioned by the witnesses, and turn out or give to him a valid debt against the witness Camp-bell, secured upon the carding machine property, and that the plaintiff had fully performed the agreement on his part, and nothing further remained for him to do in pursuance of it, and that the defendant had unreasonably neglected to perform the agreement on his part, by transferring such debt, secured upon the carding machine property, to the plaintiff; in that case, the defendant would be liable to pay to the plaintiff the value of the farm described in the contracts, and the crops growing on it, as it was sold by the plaintiff to the defendant, after deducting from such value the amount due to the land office on these contracts, the money paid by the defendant to the plaintiff in part per-

Thomas *v.* Dickinson.

formance of the agreement, and the value of the piece of land conveyed by the defendant to the plaintiff; and that for such balance of the value of the said farm, after such deductions, the plaintiff was entitled to their verdict in this action; that to entitle the plaintiff to maintain this action, it was not necessary for him to return to the defendant, or offer to return to him, the land the defendant had conveyed in part payment of the agreement in question, or to rescind that agreement, but that he had a right to retain all he had received from the defendant in part performance of the contract, and recover in this action the balance of the value of the farm sold to the defendant, after deducting the amount due to the land office upon the contracts, the amount of money paid, and the value of the land conveyed by the defendant to the plaintiff, as before stated. That if, from the evidence of the case, they arrived at the conclusion that, by the agreement between the plaintiff and the defendant, the defendant was to convey to the plaintiff the carding machine property, together with his rights in the contract made with Campbell for the sale of it to him, as was contended by the counsel for the defendant, and not that he was to transfer to the plaintiff a debt against Campbell, arising out of the sales of the property to him and secured upon it, as was contended by the counsel for the plaintiff, then this action could not be sustained, and the defendant would be entitled to a verdict. The jury rendered a verdict in favor of the plaintiff for $730.

*E. Howell,* for the defendant.

*W. Barnes,* for the plaintiff.

*By the Court,* T. R. STRONG, J. The contract between the parties was void, by the statute of frauds. The full performance of it by the plaintiff, and a partial performance by the defendant, did not take it out of the statute, as to what remained to be done. (*Duncan* v. *Blair,* 5 *Denio,* 196.) It follows that the plaintiff could not maintain an action on the contract, at law, for the non-performance of it by the defendant, so far as it was

Thomas *v.* Dickinson.

unexecuted, assuming that the defendant was in default. The contract being void, it could not be the foundation of an action. If the plaintiff had any remedy at law, it was in the form which he has selected, upon the general counts. (*King* v. *Brown*, 2 *Hill*, 485.)

I am not aware of any sound principle in the way of a recovery in this form of action. The plaintiff has transferred his property to the defendant, under a special agreement as to payment, which was invalid, but not illegal. If the defendant has failed to perform the agreement, and is in default, it is obviously just that he should pay the plaintiff the balance of the value of the property unpaid, and I think he might be compelled to do so in the mode pursued. Upon the breach of the agreement by him, the law implied a promise on his part to pay such balance, which promise is a sufficient basis for the action. (*King* v. *Brown*, *before cited.*)

It was not, in my opinion, necessary that the plaintiff, in order to entitle himself to maintain an action on the common counts, should return, or offer to return, what he had received of the defendant. The doctrine in respect to the rescission of contracts, that where a party would rescind, in a case where he may do so, he must put the other party in statu quo by an entire surrender of every thing he has obtained under the contract; and of the necessity of such rescission, in order to maintain an action for the value of property parted with under it, as upon a general sale, and without regard to the terms of the contract, has not, I think, any application to this case. It applies only to cases of valid contracts. In such cases the doctrine is certainly reasonable and just. When a contract is valid and subsisting, and the law affords a remedy upon it, it would be opposed to the contract, and inequitable to allow a party, at his election, another remedy, irrespective of the contract, for what he had done under it, unless upon the terms of a previous complete rescission as above mentioned. There is an inconsistency between retaining benefits under a contract, and maintaining an action upon the idea that there is no contract. Either the contract should be abided by, and the remedy upon it resorted to, or it should be

Thomas *v.* Dickinson.

fully given up, with all that has been obtained by virtue of it. These reasons do not extend to a case where the parties have undertaken to make a contract which is invalid. In such a case, in the view of the law, there is no contract. In respect to any binding obligation, the contract must be excluded from consideration. The remedy of either, for what he has done under it, when the other is in default, is not upon it, but independent of it. If he has received in part the value of what he has parted with, he may retain it, and sue for the balance due. The case is the same, in legal effect, as if he had transferred his property, upon a general understanding that he should be paid its value, and part of the value had been paid him. There is nothing inequitable in treating the transaction as having that legal character. (*Martin* v. *Roberts,* 5 *Cushing,* 126.)

It was claimed on the part of the defendant that the contract in this case has been so far performed, that in equity a specific performance might be enforced, and that therefore the contract must be regarded as subsisting and in full force. The answer to this position is that the doctrine of specific performance in equity, in such cases, rests upon the ground, not that the contract is rendered valid by part performance, but that the part performance would work a fraud upon the party, unless the contract was carried into complete execution. (*Story's Eq. Jur.* § 759. 4 *Kent's Com.* 451, *4th ed. and notes.*)

The breach of the contract, by the defendant, was doubtless necessary to be shown, to maintain the action. The law would not imply a promise, on his part, to pay the value of the property he had obtained, so far as it remained unpaid, while he was not in default. Although the contract was not binding, the circumstances might be regarded so far as to refuse a remedy to the plaintiff independent of it, until he had put the defendant in the wrong. (*Abbott* v. *Draper,* 4 *Denio,* 51.) Upon this part of the case I have no difficulty. The proofs were conflicting; whether the defendant was to convey to the plaintiff what was called the carding machine property, or a debt against Campbell, arising from the sale of that property. If the former was the agreement, the plaintiff failed to establish that the de-

fendant was in default. The justice at the circuit advised the jury that if they came to that conclusion, in respect to the agreement, the plaintiff was not entitled to recover. As the verdict was for the plaintiff, it is fair to infer that the jury found the defendant was to transfer the debt against Campbell, instead of to convey the property ; and if so, the default of the defendant was clear. The debt never existed. The agreement for the sale of the property to Campbell was by parol and void, and he abandoned it. The defendant never had it in his power to perform, so far as related to the transfer of such a debt. (*Delamater* v. *Miller*, 1 *Cowen*, 75. *Lovett* v. *Cornwell*, 6 *Wend.* 369. *McNish* v. *NcCoon*, 13 *Wend.* 26.) It would be improper for the court to hold there was not sufficient proof that the defendant was in default.

The views presented cover the points on the part of the defendant. Some exceptions were taken by him which are not embraced in his points, and which therefore is not necessary to consider.

My opinion is that a new trial should be denied.

[Monroe General Term, September 6, 1852. *Selden, Johnson* and *T. R. Strong*, Justices.