GUSTAVE ZUNKLE, PLAINTIFF IN ERROR, v. T. C. CUNNINGHAM, DEFENDANT IN ERROR.

Conversion: PLEADING. One Z. brought an action against C. for the conversion of certain goods. C. answered that he took the goods under certain writs of attachment, and that the same had been sold under an order of the court to satisfy a judgment in an action in favor of C. and L., and against the St. J. F. Co. The plaintiff replied that the St. J. F. Co. had no corporate existence. *Held*, on demurrer, that whether such company had a corporate existence or not, it could not avail the plaintiff, as he must recover, if at all, upon his right to the goods in question.

NOTE.—Although a corporation may be so defective as to render its franchise wholly invalid in a proceeding against it by the state, still its corporate existence, when acting under color of its franchise, cannot be questioned in a collateral proceeding. *Lincoln B. & S. Ass'n v. Graham*, 7 Neb., 177. *Abbot v. Omaha Smelting Co.*, 4 Neb., 420. A general denial in an answer to a suit brought by a corporation does not put in issue the corporate character of such corporation or its power to bring the suit. *National Life Ins. Co. v. Robinson*, 8 Neb., 455, 456.—REP.

ERROR to the district court for Richardson county. Tried below before WEAVER, J.

*G. P. Uhl*, for plaintiff in error, cited Starkie on Ev., 324, 367. 2 Green on Ev., sec. 629. 2 Green on Ev., sec. 637, n. 2. *Bryant v. Clifford*, 13 Met., 138. *Damon v. Bryant*, 2 Pick., 411. *Crosby v. Baker*, 6 Allen, 295. *Cook v. Miller*, 11 Ill., 610. A. & A. on Cor., 631, 635. 2 Hill on Torts., p. 243, secs. 34 and 35. Drake on Attach., sec. 195, a. *Morgan v. Ide*, 8 Cush., 420. *McGough v. Wellington*, 6 Allen, 505. *Eaton v. White*, 2 Wis., 292.

*Schoenheit & Thomas*, for plaintiff in error, cited *Metz v. State Bank*, 7 Neb., 173. *Ewing v. Robeson*, 15 Ind., 26. *Callender v. Painesville R. R.*, 11 Ohio State, 516. Cooley on Torts., 459. *Savacool v. Boughton*, 5 Wend., 170.

MAXWELL, CH. J.

The plaintiff commenced an action against the defendant in the district court of Richardson county to recover the value of certain goods, wares, and merchandize levied upon and sold by the defendant as sheriff. The defendant in his answer to the petition, 1st., denies all the facts stated therein; 2d, alleges in substance that at the time of seizing said property he was sheriff of Richardson county, and levied upon the same by virtue of an order of attachment then in his hands, wherein Anton Schmidt was plaintiff and Gustave Zunkle defendant; that afterwards he levied upon said goods, by virtue of an order of attachment issued out of the county court of said county in an action pending therein, wherein John H. Conrad and Fred. H. Logeman were plaintiffs and the Union Fur-

niture Company of St. Joseph, Missouri, defendant; that the action against Zunkle was settled, but said goods were held on the attachment against the Union Furniture Company; that afterwards said Conrad and Logeman recovered a judgment against said Furniture Company, and an order was made for the sale of said goods, and the same were thereupon sold and the proceeds applied to the payment of said judgment.

To this count of the answer the plaintiff filed a reply, alleging in substance that there was no such corporation in existence as the Union Furniture Company of St. Joseph, Missouri, and calling upon the defendant to show by what authority, if any, such corporation existed. The defendant demurred to this count, and the demurrer was sustained. The plaintiff thereupon obtained leave to file an amended reply, which was stricken from the files upon the ground that it had not been amended. These are the principal errors relied on.

It is difficult to perceive how the want of corporate capacity in the Furniture Company, even if true, could benefit the plaintiff. He must recover, if at all, upon his right to the goods. If the property was his in fact—if at the time of the levy he was in possession and notified the officer that the property belonged to him, that he was not a mere agent—the officer would sell at his peril. And it could make no difference in such a case that the officer did not credit the statement of the claimant. But when an order of sale, regular on its face and issued by a court of competent jurisdiction, is placed in the hands of an officer, he is not required to examine into the proofs upon which the judgment was rendered to ascertain the existence of any fact passed upon by the court. The first count of the reply, therefore, stated no facts which could benefit the plaintiff, and the demurrer

was properly sustained.    And there being no amend-
ment of the reply it was properly stricken from the
files.

No other alleged error brought to the attention of
the court below is urged in this court.    The judgment
is therefore affirmed.

JUDGMENT AFFIRMED.