JAMES H. HARRIS, PLAINTIFF IN ERROR, v. JOHN ROBERTS, DEFENDANT IN ERROR.

1. Conveyance of lots for location of railroad depot. H. and R. being the owners in severalty of a large number of lots in S., which would be greatly enhanced in value by the location of a depot near said lots, entered into a verbal agreement that in case of the location of a depot upon the lots of either, and in case the railroad company demanded a gratuitous conveyance of the same, the other would convey to the party so conveying one-half as many lots as had been conveyed to the railroad company. *Held*, That H., having conveyed the necessary lots for depot grounds in pursuance of the contract, could maintain an action against R. for the value of one-half of the lots conveyed.

2. ———: CONTRACT. The mere fact, that depot grounds were donated, will not render a contract for the location of the depot void.

3. Petition *held* to state a cause of action.

ERROR to the district court for Seward county. Tried below before POST, J.

| 12 | 631 |
| 32 | 263 |

| 12 | 631 |
| 50 | 426 |
| 52 | 358 |

| 12 | 631 |
| 57 | 383 |

| 12 | 631 |
| 58 | 121 |

*McKillip & Page*, and *O. P. Mason*, for plaintiff in error.

*Norval Brothers*, for defendant in error.

MAXWELL, J.

This is an action to recover from the defendant the value of eighteen lots conveyed by the plaintiff to the Lincoln and Northwestern Railway for depot grounds in Seward. A demurrer to the petition was sustained in the court below and the action dismissed. The following is a copy of the petition:

"Said plaintiff, James H. Harris, complains of John Roberts, defendant, and alleges that on the 10th day of July, 1879, the Lincoln and Northwestern Railway company, a corporation doing business under the laws of the state of Nebraska, was constructing a line of railway from Lincoln in said state to Columbus in said state, by the way of Seward in said county, and proposed to, and was under obligations to erect and maintain a freight and passenger depot at said city of Seward. Plaintiff further alleges that said plaintiff and said defendant were at that time each the owner of a large number of city lots in the western part of said city, which would be enhanced in value by the location of said depot in the western part of said city. That on said 10th day of July, 1879, said plaintiff and said defendant entered into a verbal agreement to this effect. That if said company located and established its depot in the western part of said city and required and requested the gratuitous conveyance to it of any lots owned by either said plaintiff or defendant, to be used for depot purposes, and said plaintiff would gratuitously convey to said company the lots owned by him, and required by it for such purposes, said defendant would also gratuitously convey to said company the lots owned by him and required for such purposes, and that if the

number of lots so conveyed by said plaintiff to said company exceeded in number the lots so conveyed by said defendant, then and in that case said defendant promised, and agreed to and with said plaintiff, that he would immediately thereafter convey in fee simple to said plaintiff such number of lots situate in the immediate vicinity of the lots so conveyed by said plaintiff as would, taking into account the number of lots which might be conveyed to said company by said defendant, equal in number one-half of the lots so conveyed to said company by both said plaintiff and said defendant. That shortly thereafter said company located and established its depot in the western part of said city, and required and requested of said plaintiff the conveyance to it of 36 lots owned by him, to be used by it for depot purposes, whereupon and in consequence and in consideration of said agreement of July 10th, 1879, between said plaintiff and said defendant, said plaintiff, on the 25th day of July, 1879, gratuitously conveyed said 36 lots to said company, to-wit: The whole of block 51, 59 and 64, in Harris, Moffitt & Roberts addition to the city of Seward, and that no lots were conveyed to said company by said defendant or requested by it of him. That said company has since erected and now maintains a freight and passenger depot in the western part of said city of Seward, and upon the lots so conveyed to it by said plaintiff. That said lots were at the time of such conveyance and now are of the value of $50.00 each, and that lots in the immediate vicinity thereof then were and now are of the value of $50.00 each. That defendant is the owner of at least 18 lots in the immediate vicinity of said lots and said depot. That defendant, though often requested, neglects and refuses to convey to said plaintiff said 18 lots, to which he is entitled by virtue of the aforesaid agreement, or to pay to said plaintiff in consideration of the premises the sum of $900.00, or any sum whatever, and has not done so. Wherefore said

plaintiff asks judgment against said defendant for the sum of $900.00 and costs.

The contract set out in the petition amounts to this: The plaintiff and defendant being the owners of a large number of lots in severalty in West Seward, which would be materially enhanced in value by the location of a depot near them, agreed to convey the necessary lots for that purpose gratuitously if so required. In pursuance of that agreement the plaintiff conveyed to the railroad company thirty-six lots, thus materially enhancing the value of the defendant's lots, but he now insists that the contract was void, and refuses to perform the same. He, by his demurrer, admits making the contract, and that he retains the special value added to his lots from the location of the depot and the transfer of the plaintiff's property to secure the same, but pleads the statute of frauds as a protection. This defense would be available in an action for specific performance of the contract, but not for the price of property conveyed to a third person at the request of a promissor. Suppose the contract had been to convey to the defendant, could he after receiving a conveyance defeat the recovery of the consideration by pleading the statute? Where a verbal contract is made for the conveyance of land and the land is conveyed accordingly, the statute is no defense to recover an action to recover the price. *Bracket v. Evans*, 1 Cushing, 79. *Preble v. Baldwin*, 6 Id., 549. *Linscott v. McIntire*, 15 Me., 201. *Thayer v. Viles*, 23 Vt., 494. *Morgan v. Bityenberger*, 3 Gill, 350. *Thomas v. Dickson*, 14 Barb., 90. *Gillespie v. Bartle*, 15 Ala., 276. 3 Parsons on Contr., 35. And it seems to make no difference whether the land is conveyed to the person making the promise, or at his request to some one else.

But it is said that the contract is against public policy and void because it tends to make the officers of the railroad company disregard the rights of the public and

of the company.  Whatever the facts may be, there is
nothing stated in the petition from which it may be in-
ferred that the rights of either the public or the railroad
company have been disregarded.  For aught that appears
the depot is so situated as best to accommodate the pub-
lic, and the mere fact that the lots were donated is not
sufficient of itself to taint the transaction as being
against public policy.

In the case of *St. J. & D. C. R. R. Co. v. Ryan*, 11
Kansas, 602, the company had received a conveyance
"upon the express conditions following:  Said railroad
shall, immediately on the completion of their railroad
through said lands establish a depot for freight and pas-
sengers on said lands and shall keep and maintain the
same for all time ; and shall not at any time have or use
any other depot within three miles of said depot."  The
court say (page 608):   " Is a contract not to build or use
a depot within certain limits a valid and binding con-
tract?  Railroad companies are private corporations ;  yet
they are declared to be *quasi* public agencies, and their roads
to subserve to a certain extent public purposes, so much so
that the public may be taxed to aid in their construction.
*Leavenworth Co. v. Miller*, 7 Kas., 479.  It would seem to
follow that the public has a right to say that they shall
not be permitted, though private corporations, to make
any contract which would prevent them from accommodat-
ing the public in the matter of transportation and trav-
el."  In that case it will be observed that the contract
was not to build a depot within certain limits.

In *Fuller v. Dame*, 18 Pick., 472, Chief Justice Shaw, in
delivering the opinion of the court, says:  " It is obnox-
ious that if one large landholder may make a valid con-
ditional promise to pay a large sum of money to a stock-
holder, or influential citizen, on condition that a work of
great public improvement may be so fixed as to enhance
the value of his estate, all other great landholders may

make like promises, or similar conditions, and great public works which should be conducted with a view to the public interest and to the just rights of those who make advances for the public benefit, would be in danger of being overlooked and sacrificed in a necessary conflict of separate local and private interests." And a note given to a stockholder in the nature of a bribe was declared void. We fully approve of that decision, and if it should appear that the lots in question were conveyed for the purpose of bribing the railroad company there can be no recovery in the action. But this purpose will not be presumed, and if such was the object of the conveyance the facts can be set up in the answer. It is said that the petition is defective by reason of the failure to allege that the railroad company required the conveyance to be made gratuitously. The allegations of the petition are in substance that the company required the plaintiff to convey the lots described, and that thereupon, in pursuance of the contract, he conveyed the same gratuitously. The statement is not as definite as could be desired, but under the liberal rules of construction established by the code it may be inferred that he was required to convey the lots gratuitously. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

LAKE, CH. J, dissenting.

I fully concur in the foregoing opinion as to the first and main proposition discussed therein, but dissent from the last. I do not think the petition states a cause of action for want of an averment that the railroad company required a "gratuitous" conveyance of the lots by the plaintiff. This fact is not properly inferable from anything that is alleged.