Hale v. Ripp.

---

D. A. HALE v. JACOB RIPP.

[FILED JUNE 30, 1891.]

1. **Verdict:** ERROR IN DIRECTING. *Held,* That the questions of fact involved in the case should have been submitted to the jury, and the court erred in directing a verdict.

2. **Novation.** Where a party makes a promise to another for the benefit of a third person, such third person may avail himself of the promise and bring an action thereon, although the consideration did not move directly from him.

ERROR to the district court for Platte county. Tried below before POST, J.

*Allen, Robinson & Reed,* for plaintiff in error:

The issues made by the pleadings should have been submitted to the jury if there was any evidence, however slight, introduced in their support. (*Johnson v. M. P. R. Co.,* 18 Neb., 696; *Smith v. S. C. & P. R. Co.,* 15 Id., 586; *Nichols v. R. Co.,* 2 S. W. Rep. [Ky.], 181.) To enable Gebecke to maintain an action on the subscription paper, it was not necessary that he should be named in it as the obligee; it would be sufficient that it was made for his benefit. (*Miliani v. Tognini,* 7 Pac. Rep. [Nev.], 279, and citations; *Shamp v. Meyer,* 20 Neb., 226.)

*W. A. Hampton,* and *Sullivan & Reeder, contra:*

Some of the essential provisions in the contract are void for uncertainty. (Parsons, Contracts, 561.)   The doctrine that a contract between two for the benefit of the third may be enforced by the latter, has no application to the facts in this case.

MAXWELL, J.

In this case the plaintiff alleges in his petition "that on or about the first day of June, 1888, the citizens of Humphrey, Platte county, Nebraska, were desirous of having a depot on the Fremont, Elkhorn, and Missouri Valley Railroad Company established at said Humphrey, and for that purpose were desirous of making a donation of certain grounds or lands to said company, then owned by one Henry Gebecke, situate near said village, and for the purpose of carrying into execution said purpose, the said defendant and seventeen other persons in and near said village of Humphrey, made, executed, and delivered unto said Henry Gebecke a written contract in the words and figures as follows, to-wit:

"'HUMPHREY, NEB., PLATTE CO., June 1, 1888.

"'We, the undersigned, hereby agree to pay the several sums opposite our names as follows:

"'To deposit in the bank said sums, and it is to be paid over at the completion of a depot on the F., E. & M. V. R. R., at Humphrey.   The object is to pay for the east forty acres of land belonging to Henry Gebecke, and deeding same to said R. R. Co.

"' (Signed)              JACOB RIPP,          $200.

"'F. M. COOKINGHAM,   100.

"'SOUTH BROS.,        100.

"'D. A. HALE,         100.

"'WM. RIPP,           100.

|                              |        |
|------------------------------|--------|
| " 'Jacob Stiffes,            | $50.   |
| " 'W. Eimers,                | 100.   |
| " 'W. Eschelbacher,          | 100.   |
| " 'Frank T. Klebba,          | 100.   |
| " 'C. D. Murphy,             | 100.   |
| " 'Wm. T. Sibley,            | 50.    |
| " 'M. Tlirhn,                | 50.    |
| " 'Wm. Duisman,          •   | 75.    |
| " 'G. W. Clark,              | 50.    |
| " 'H. Gitzen,                | 50.    |
| " 'Brenning Auslem,          | 50.    |
| " 'E. A. Stocklager,         | 50.    |
| " 'P. H. Fedderson,          | 50.'   |

"That pursuant to the request of said persons the said Henry Gebecke sold and conveyed said land unto the said Fremont, Elkhorn & Missouri Valley railroad, and said railroad company promptly built thereon and now have in operation a depot at said village of Humphrey, and the said Henry Gebecke and said railroad company have in all respects fully kept and performed their part of the said contract; but the said defendant has hitherto wholly neglected and refused, and now neglects and refuses, to pay said sum by him subscribed, or any part thereof, though the same is long past due. That on or about the 10th day of July, 1889, the said Henry Gebecke, for value, sold and assigned said contract to the plaintiff, and each and all the subscriptions thereto and thereon, and the said sum due from the said defendant is now the property of the plaintiff and wholly unpaid."

To this petition the defendant filed an answer as follows :

"That at or about the date named in the petition the defendant signed a certain subscription paper, the contents whereof he does not now remember. He therefore, for want of adequate information upon which to base a belief, denies that he ever signed the paper, a copy of which is set

out in the petition, and refers the plaintiff to his proof concerning the same.

"Defendant is informed and believes, and charges it as a fact, that after he had signed the subscription paper aforesaid the same was by plaintiff, and without defendant's knowledge, privity, or consent, fraudulently and materially altered, and made by false additions, changes, and interlineations to read as follows:

"'HUMPHREY, NEB., PLATTE Co., June 12, 1888.

"'We, the undersigned, agree to pay the several sums opposite our names as follows: To deposit in the bank said sums, and it is to be paid out at the completion of a depot on the F., E. & M. V. R. R., at Humphrey, Neb.; the object is to pay for the east forty acres of land belonging to Henry Gebecke and deeding same to said R. R. Co. Signed.'

"By said alterations so made the subscription paper aforesaid became substantially changed in meaning and is therefore null in law.

"Defendant admits that the railroad named in the petition has constructed and now operates and maintains a depot at or near the village of Humphrey, in said county; admits that defendant has refused to pay the plaintiff the sum demanded in the petition or any portion thereof.

"Defendant denies that said subscription was ever executed or delivered to Henry Gebecke; denies that said Gebecke ever executed a deed for any land to said railway company; denies that he ever executed a deed for any land to any person, company, or corporation on the faith or credit of said subscription paper; denies that said Gebecke ever made a conveyance of any land to any person, company, or corporation at the request or solicitation of any of the signers of said subscription paper or any of them. The matters and things contained in said petition and not hereinbefore specifically denied or admitted are hereby denied."

The second and fourth paragraphs of the answer were stricken out on motion.   On the trial of the cause the court directed a verdict for the defendant and dismissed the action.   There is but little conflict in the testimony.   It is clearly shown that the defendant signed the subscription paper set forth in the petition, and that he has failed to pay the amount subscribed by him or any part thereof. It also appears that the plaintiff paid Gebecke $2,000 for the land and took an assignment of the subscription list. It also appears that the object of purchasing the land was to induce the railroad company to put in a station at a certain point in the village of Humphrey, and that the railroad company has established a station at that point.   The testimony tends to show that the land was purchased for the railway company and in fact belongs to such company. A contract of this kind was upheld in *Harris v. Roberts*, 12 Neb., 631.   In that case a verbal contract for the exchange of lots was sustained and enforced.   It is probable that the court dismissed the action on the ground that there was no mutuality between the parties.   This, however, would not be sufficient cause in a case like that under consideration.   It is now well settled in this court that where one makes a promise to another for the benefit of a third person, such third person may avail himself of the promise and bring an action thereon, although the consideration does not move directly from him. (*Shamp v. Meyer*, 20 Neb., 223, and cases cited.   The district court erred in directing a verdict, as the questions of fact should have been submitted to the jury.   The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.