FREDERICK SCHMID V. REGINA SCHMID.

FILED SEPTEMBER 20, 1893.   No. 4531.

1. **Review:** ERROR PROCEEDINGS: MOTION FOR NEW TRIAL.
   To obtain a review upon error of matters occurring upon a trial
   in the district court, a motion for a new trial must have been
   made in that court, but, in the absence of such a motion, this
   court will examine the question as to whether the petition states
   a cause of action.

2. **Petition for Reconveyance of Land.**  A petition alleging
   an agreement within the statute of frauds, but not alleging that
   such agreement was in writing, is sufficient after judgment.

ERROR from the district court of Saunders county.
Tried below before MARSHALL, J.

*T. B. Wilson* and *Lamb, Ricketts & Wilson,* for plaintiff
in error.

*George I. Wright* and *M. B. Reese, contra.*

IRVINE, C.

This case was originally brought into this court by ap-
peal, but the transcript not having been filed within the
period prescribed by law, upon motion the appeal was
dismissed, and the appellant given leave to file a petition
in error.   No motion for a new trial was made in the trial
court, and that fact precludes us from an examination of
any of the questions raised, except those which arise upon
the assignment of error that the petition does not state facts
sufficient to constitute a cause of action.  · The petition al-
leges that the plaintiff Regina Schmid, on August 23, 1887,
was the owner of certain land described in the petition, and
that the defendant Frederick Schmid, the son of Regina,
on said day, by the use of certain representations unneces-
sary to here set forth, but which are alleged to have been

false and fraudulent, induced Regina to convey to him said lands, "upon the express understanding and agreement that said Frederick Schmid should thereafter, at any time, upon request by the said Regina Schmid, her heirs, legal representatives, or assigns, reconvey said premises to said Regina Schmid, her heirs or assigns, or to such person or persons as she should designate, and should hold, use, and enjoy said premises   *   *   *   in trust for the said Regina Schmid, her heirs and assigns; the said conveyance of said plaintiff Regina Schmid to the said Frederick Schmid being for no consideration whatever except the trust aforesaid." It is alleged further that defendant now denies the trust. After stating certain other facts, possibly sufficient in themselves to justify the relief asked, the plaintiff prays for a reconveyance and for other relief. A decree was rendered substantially in accordance with the prayer of the petition.

At this stage of the case the question of the sufficiency of the petition being now for the first time raised, the petition should receive a very liberal construction and every intendment should be in its favor. The requirement of a writing signed by the person to be charged, in order to evidence an express trust in land, or create or transfer any interest therein, being a purely statutory requirement, it was not necessary at common law to plead the existence of such a writing. (Stephen, Pleading, 330.)

The petition in the portion quoted contains sufficient averments to establish a trust, unless the Code has changed the common law rule so as to require in pleading a contract within the statute of frauds, the averments that the contract was in writing and was signed by the party to be charged. Safe pleading under the Code undoubtedly demands these averments, but their absence affects only the certainty of the pleading, and where the petition substantially pleads the agreement, and is silent on this point, the objection should be made by motion. The omission of such

averments does not invalidate a judgment rendered upon the petition. (Maxwell, Code Pleading, 15.) We think, therefore, that in this respect, if in no other, the petition states a cause of action, and that being the only question open for consideration, the judgment is

AFFIRMED.

THE other commissioners concur.