RICHARD B. GRIFFITH v. SUSAN F. THOMPSON.

FILED JANUARY 19, 1897. No. 7019.

Statute of Frauds: VENDOR AND VENDEE. The statute of frauds rela-
tive to the sale of lands will not enable one who has obtained the
title and possession of real property to avoid making payment
therefor merely because there had been no formal acceptance in
writing of the original written offer of the purchaser.

ERROR from the district court of Douglas county.
Tried below before HOPEWELL, J. Affirmed.

C. A. Baldwin and Weaver & Giller, for plaintiff in error.

Andrew Bevins, contra.

RYAN, C.

In the district court of Douglas county there was a
verdict and judgment for the sum of $478.78 in favor of
Susan F. Thompson, the plaintiff in that court. We have
carefully examined the evidence and find that the jury
was justified in finding the averments of the petition suf-
ficiently proved, and we shall therefore devote our atten-
tion to the question chiefly argued by the plaintiff in
error, and that is, whether or not the petition in the dis-
trict court stated a cause of action.

In her said petition, Mrs. Thompson alleged that pre-
vious to and until the year 1889 she was the owner of a
life estate in a certain described tract of land containing
160 acres, more or less, situated in Douglas county; that
said tract had been by her husband and herself mort-
gaged to secure payment of the sum of $1,000; that
Richard B. Griffith, with reference to said land, wrote to
her the following letter:

"DEAR MOTHER: We got your letter and in regard to
your farm I do not know what to say as I have got so
much stock now, but I will make you an offer on it pro-
vided it is not sold. I will assume all indebtedness on

that farm and give you five hundred dollars. If you accept this offer come down, if not please come down anyway, as we are alone. Bring Dell along to stay this winter. The girls are at school in York. We are all well.

"Yours truly,    R. B. G."

In her petition Mrs. Thompson alleged that she accepted said proposition and that defendant immediately took possession by reason of such purchase, and still remains in possession, and that said agreement was fully performed on her own part and that, by consent of both parties, the real property was purchased by Griffith at a foreclosure sale of the aforesaid mortgage, whereby said Griffith secured a fee-simple title to said land. Mrs. Thompson further averred in her petition that after the sheriff's deed had been delivered to Griffith, he paid to her the sum of $50 as part of the said purchase price of $500, but that he has ever since refused to pay the balance, for which balance, with interest, she prayed judgment.

The theory of the plaintiff in error is that there was required to constitute a complete sale such specific averments of the making of a written contract by Mrs. Thompson as would amount to a compliance with section 5, chapter 32, Compiled Statutes, entitled "Frauds." If Mrs. Thompson was suing for an estate in the land, or for relief as against it, this position might be correct. Her action was not of that nature. In her petition she alleged a written offer to purchase, an acceptance, and, finally, a part payment of the purchase price. Whether or not the original written proposition was formally accepted became, under these circumstances, a matter of no importance with respect to the liability of Griffith for the unpaid purchase money. He, by virtue of the sheriff's sale, under his arrangement with Mrs. Thompson, had obtained the title and possession and thereby became liable to pay according to his promise. This action was solely to enforce performance of this promise,

and the section of the statute of frauds invoked in avoidance of this liability was no defense. (*Harris v. Roberts,* 12 Neb., 631; *Galley v. Galley,* 14 Neb., 174.) The judgment of the district court is

AFFIRMED.