JAMES KELLY v. NEBRASKA EXPOSITION ASSOCIATION.

FILED OCTOBER 6, 1897.    No. 7412.

1. Subscriptions: PLEADING: STATE FAIR: BOARD OF AGRICULTURE. In an action by an association on a subscription in its favor which stated that it was made for the purpose of securing the state fair to be located at a designated place, a general denial did not put in issue the corporate existence of the State Board of Agriculture, the body by which such location was fixed.

2. ——: ——: Issues. *Held,* Further, that the answer did not present an issue of any illegality of the subscription as being for the purpose of aiding in improperly influencing the decision of the State Board of Agriculture in designating the place for holding a fair.

ERROR from the district court of Lancaster county. Tried below before HALL, J. *Affirmed.*

*Joseph Wurzburg* and *Wooley & Gibson,* for plaintiff in error.

*A. G. Greenlee, contra.*

HARRISON, J.

The defendant in error commenced this action in the district court of Lancaster county to recover of plaintiff in error the sum of $100 with accrued interest, alleged to be due by reason of a subscription in its favor by plaintiff in error in the principal sum stated, to aid it in securing the state fair to be located and held at or near the city of Lincoln. The petition was as follows: "The plaintiff alleges that it is a corporation duly organized and existing under and by virtue of the laws of the state of Nebraska, and having its principal place of business in Lincoln, in said state; that on the 27th day of December, 1889, the defendant executed and delivered to this plaintiff for its use and benefit a certain agreement, a copy whereof is as follows:

"'COPY OF AGREEMENT.

"'LINCOLN, NEB., Dec. 27, 1889.

"'We, the undersigned, hereby agree to pay the sum set opposite our names for the purpose of securing the state fair located at Lincoln for the ensuing five years, and agreed to pay the same on or before March 1, 1890, to the secretary of the Nebraska Exposition Association. In case the state fair is not located at Lincoln this subscription to be void.

James Kelly .................................. $100 00'

That upon the strength of said subscription, and relying thereon, the plaintiff made a proposition to the authorities having in charge the matter of the location of the state fair for the ensuing five years, which was accepted, and the said state fair was located at the city of Lincoln for the years 1890 to 1894, inclusive, and that the plaintiff, relying upon said subscription, upon the faith thereof complied with its proposition and expended large sums of money therein.  That this defendant has failed, neglected, and refused to pay the said subscription or any part thereof, although the said fair was located at the said city of Lincoln on and prior to the 1st day of March, 1890, and the defendant was called upon to pay the same.  There is now due upon the subscription $100 with interest from the 1st day of March, 1890.  Wherefore the plaintiff prays judgment against said defendant for $100 with interest from the first day of March, 1890, and costs of suit."  The answer was a general denial of the allegations of the petition except an admission that the plaintiff in error signed the agreement of subscription.  A jury was waived.  The parties entered into a stipulation of the facts and the cause was submitted. The court determined the issues in favor of the association and rendered judgment in its favor for the sum claimed.  The unsuccessful party presents the case here for review.

The questions argued are that the State Board of Agriculture had no corporate existence, and that if it had, the subscription to assist in having it locate the fair at the particular place indicated in the agreement was void, being in the nature of a bribe to, or an improper influence exercised on, the will or choice of the board clothed with the power of choosing the location for holding the fair. Passing over the question of whether it is competent in this, a suit to which it is not a party, to attack the corporate existence of the State Board of Agriculture, it seems clear that it was not placed in issue by a general denial which would not have put in issue the corporate

existence of the Nebraska Exposition Association, the complainant in the action. (*Herron v. Cole*, 25 Neb., 692; *Dietrichs v. Lincoln & N. W. R. Co.*, 13 Neb., 43; *Zunkle v. Cunningham*, 10 Neb., 162; *National Life Ins. Co. v. Robinson*, 8 Neb., 452.)

In regard to the second point it will not be presumed that the amount subscribed was to be used in the nature of a bribe or to improperly influence the State' Board of Agriculture, or any member thereof, in any part of the proceedings, either preliminary or final, attendant upon the selection of a location for the state fair. No such issue was tendered by the answer, a general denial, nor was there anything in the stipulated statement of the facts to warrant or support a finding that the amount subscribed was for a use such as is suggested by the argument on behalf of plaintiff in error, or that the fair was by reason of this subscription directed by the State Board to be held at any other than the proper and best place for the public interests or convenience and welfare of any and all concerned, hence this point is not well taken. (*Harris v. Roberts*, 12 Neb., 631.) No available error having been assigned or prescribed, the judgment of the district court must be

AFFIRMED.