DAVID R. CAMERON v. FREDERICK NELSON.

FILED JANUARY 5, 1899.   No. 8567.

1. **Trust Relating to Land**: ORAL AGREEMENT: STATUTE OF FRAUDS. A conveyed to B certain land by deed of warranty purporting to convey the whole estate. *Held*, That a contemporaneous agreement whereby B was to have the beneficial interest in only one-half, and was to hold the legal title to the whole, sell the land as A's agent, and pay to A one-half the proceeds, was an attempt to create a trust relating to land, and unenforceable because not in writing.

2. ———: ———: ———. The promise to account for one-half the proceeds, being dependent upon the trust, could not be enforced.

ERROR from the district court of Douglas county. Tried below before BLAIR, J. *Reversed.*

*Greene & Breckenridge*, for plaintiff in error.

*Duffie & Van Dusen*, contra.

IRVINE, C.

In 1894 Nelson was the owner of certain land in Sheridan county, incumbered by a small mortgage, on which there was interest delinquent. He conveyed it to Cam-

eron by warranty deed purporting to pass the whole estate. Cameron thereafter traded the land for Omaha property of such value that a considerable profit resulted. Nelson brought this suit to recover one-half that profit, claiming that the bargain was that Cameron gave him a piano for a half interest in the land, and that, while the deed passed the legal title to the whole, there was an express oral agreement that, in the language of the petition, "Cameron should hold the legal title thereof and should sell the same as the agent of this plaintiff, and upon a sale being made, would promptly turn over to the plaintiff one-half of the proceeds of said sale, less the amount of incumbrance upon said property." There was ample evidence tending to support that allegation, and while it was contradicted by defendant's witnesses, the jury found for the plaintiff. The defendant brings the case here, alleging as error the various rulings whereby plaintiff was permitted to establish such an arrangement by proof of an oral agreement.

Counsel for defendant discuss the question with needless asperity. The case undoubtedly falls near the line of demarcation between a trust and a merely personal debt, and its decision is not free from difficulty. Without multiplying citations it may be said that the cases throwing light on the subject may be roughly classed as follows: Cases where the attempt is to enforce such an agreement against the land itself. There it is the uniform holding that if a trust may be enforced at all it must be under circumstances raising a resulting or constructive trust; that the verbal agreement contravenes the statute of frauds. Next there are cases where two men join in the purchase of land, taking title in one, who is to resell and divide profits. Such contracts are usually enforced, although not in writing, but it will be seen there is in such cases a resulting trust from contributing to the purchase-money. Next there are cases where the establishing of the debt does not involve the establishing of any interest in the land itself, as where the action con-

cerns only the purchase-money after execution of the conveyance. Of course the promise in such case does not seek to create a trust and is enforceable. From a disposition to prevent injustice the courts have sometimes indulged in sophistical reasoning to bring a hard case within this class. To the class just mentioned belongs *Harris v. Roberts*, 12 Neb. 631, cited by the plaintiff. It matters not whether we think that the court was there right in treating the case as one affecting the purchase-money; it was so treated, and decided on that ground. *Linscott v. McIntire*, 15 Me. 201, is quite like the present case, and was treated as concerning only the price of the land. *Hess v. Fox*, 10 Wend. [N. Y.] 436, was also somewhat similar in its facts, but the court there considered only that part of the statute of frauds relating to sales of lands, and not that relating to the creation of trusts. *Randall v. Constans*, 33 Minn. 329, was essentially like this case and the Minnesota statute is essentially like ours, and it was held that the contract could not be enforced.

As an induction from all the cases it may be said that where it is practicable to enforce the oral promise without establishing any interest in the land itself, the statute does not apply; but where the right to recover depends upon the establishment of an interest in the land, the attempt is to raise an oral trust and must fail. So here, if the petition alleged and the proof established that the conveyance to Cameron was absolute, and that he merely promised, as part of the consideration, that in case of a sale he would pay Nelson a portion of the proceeds, it could not be said that there was any attempt to create a trust in the land, although possibly under our statute there might then be a trust "relating to" land. But the petition charges, and the proof all tends to show, that the agreement relied on was that only a beneficial interest in one-half should pass to Cameron; that he should be trustee for Nelson as to the other half; and that the agreement to pay a portion of the proceeds of sale, while actually expressed, was only such as followed

from the trust in the land. It is impossible, under the pleadings and proofs, to adopt a different theory. So considered we have concluded that the case falls within the statute. This conclusion is in part influenced by a difference in language existing between our statute and the statute of Charles II, which in substance has been the basis of most decisions. Section 7 of the latter statute merely enacts that "all declarations or creations of trusts or confidences of any lands, tenements, or hereditaments shall be manifested and proved by some writing signed by the party who is by law enabled to declare such trust, or else by his last will in writing, or else they shall be utterly void and of none effect." (Statutes at Large, 29 Car. II, ch. 3.) Our statute provides that "No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, or surrendered, or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, · assigning, surrendering, or declaring the same." (Compiled Statutes, ch. 32, sec. 3.) The English statute was aimed against technical trusts in land, or, in the words of the statute, "of lands." It has received on the whole a rather strict construction. Ours, evidently for the very purpose of extending its application beyond that of the English, applies not only to trusts of lands, but to all concerning land or in any manner relating thereto. Assuredly that set up in the present case relates to land.

REVERSED AND REMANDED.