JOHN K. SOWARDS V. GEORGE H. MOSS.

FILED FEBRUARY 23, 1899.   No. 8746.

1. **Vendor and Vendee:** ACTION FOR PURCHASE PRICE: PLEADING. In a suit to recover the purchase price of real estate, alleged to have been sold and conveyed by the plaintiff to the defendant, it is not essential that the petition should allege that the contract of sale was in writing.

2. ———: ———: STATUTE OF FRAUDS. In such a suit the statute of frauds as a defense is overthrown where it is established that the plaintiff executed and delivered to defendant the deed.

3. ———: ———. Evidence examined, and *held* to support the finding of the district court that the vendor of real estate executed and delivered his deed therefor in the time fixed by the contract between the parties.

4. ———: DELIVERY OF DEED. A delivery of a deed to an agent appointed by the vendee therein to receive it is a delivery to such vendee.

5. ———: ———. The neglect of such agent to notify his principal of the receipt of such deed affords the principal no defense to an action by the vendor for the purchase-money.

ERROR from the district court of Buffalo county. Tried below before WESTOVER, J.  *Affirmed.*

*W. L. Hand,* for plaintiff in error.

*B. O. Hostetler, contra.*

RAGAN, C.

In the spring of 1895 John K. Sowards resided near Danville, Illinois. George H. Moss and Howe Blue resided in Buffalo county, Nebraska. Sowards wrote a

letter to Blue in which he directed him to offer Moss $1,000 for a piece of real estate owned by the latter in said Buffalo county, a warranty deed for the property, accompanied by an abstract of title, to be delivered by Moss by July 10, 1895, to the First National Bank of Danville, Illinois. Blue showed this letter to Moss, and the latter authorized Blue to notify Sowards that he accepted the latter's proposition. Blue did at once so notify Sowards by letter. On July 8, 1895, Moss and his wife executed a warranty deed of their farm to Sowards and sent the same, accompanied by an abstract of title, in a registered letter to the First National Bank of Danville, Illinois, accompanied by a letter of instruction to deliver the deed to Sowards upon his paying to it for Moss the $1,000. This deed and abstract reached the First National Bank certainly as early as July 12, 1895, but the bank neglected to notify Sowards that the deed was there until some time in August. He then refused to accept it because not delivered by July 10. Moss then brought this suit in the district court of Buffalo county against Sowards to recover the $1,000 purchase-money and had judgment, to review which Sowards has filed here a petition in error.

1. The first argument is that the petition does not state a cause of action, because it does not allege that the contract for sale and purchase of this real estate between the parties was in writing. But in a suit to recover the purchase price of real estate alleged to have been sold and conveyed by the plaintiff to the defendant it is not necessary that the petition should allege that the contract of sale was in writing. (*Schmid v. Schmid*, 37 Neb. 629.)

2. Another argument is that the evidence shows that the contract by these parties was an oral one; that Moss was not bound to convey, and, therefore, Sowards is not bound. There are two answers to this contention: (1.) The proposition of Sowards to purchase the land was in writing. Moss accepted this proposition and authorized

Blue to notify Sowards that he had accepted it.  The letter then written by Blue to Sowards, informing the latter of Moss' acceptance of the proposition of purchase, was in effect Moss' letter in writing accepting the proposition.  (2.) If the letter written by Blue to Moss was out of the way, still Moss actually made a conveyance of the real estate to Sowards and delivered it to his appointed agent.  Moss then performed the contract and bound himself by his deed, and since the deed was made and delivered to Sowards, the statute of frauds is no defense for Sowards in an action against him to recover the purchase price.  (*Harris v. Roberts*, 12 Neb. 631; *Morrow v. Jones*, 41 Neb. 867.)

3.  The third argument is that by the terms of the contract Moss was to deliver his deed, accompanied by an abstract of title, to the First National Bank of Danville, Illinois, by July 10, 1895, and that it was not delivered at that time.  The evidence shows, without conflict, that the abstract and deed were deposited in the United States mail at Kearney, Nebraska, on July 8, 1895, and that by the usual course of the mail it would reach Danville on July 9.  The bank officers testified that their books showed that the deed reached there on July 31, but that their books were wrong and that the deed did reach there, they think, about July 12.  We think, then, that the evidence sustains the finding of the district court that this deed reached the First National Bank of Danville, Illinois, on or before July 10, 1895.  The First National Bank was the agent of Sowards, and if it neglected to notify him promptly of the arrival of the deed, that default cannot be charged to Moss.  The bank was Soward's agent, and a delivery to the bank was a delivery to Sowards, and his refusal to accept the deed was based solely on his contention that it had not been delivered to him July 10.  The court found that it was.  The evidence sustains the finding.  The judgment of the district court is

AFFIRMED.