MILTON L. THACKABERRY, APPELLANT, V. PORTS WILSON,
APPELLEE.

FILED DECEMBER 14, 1911.   No. 16,502.

Pleading: SUFFICIENCY AFTER JUDGMENT.  A counterclaim filed in
justice court to recover compensation for services alleged to have
been rendered the plaintiff by the defendant in selling the ·
plaintiff's real estate may sustain a recovery, where no objection
was made before judgment to the sufficiency of the demand, and
the record fails to affirmatively disclose that the agreement does
not comply with the provisions of section 74, ch. 73, Comp. St.
1911, which requires such contracts to be in writing, signed by the
owner and the agent, and to describe the land and the broker's
compensation.

APPEAL from the district court for Lancaster county:
ALBERT J. CORNISH, JUDGE.   *Affirmed.*

*George W. Berge,* for appellant.

*O. B. Polk, contra.*

ROOT, J.

The plaintiff contends that a cross-demand in justice
court, where this action was commenced, does not state
facts sufficient to sustain the judgment in the defendant's
favor.  The demand is as follows: "The defendant fur-
ther alleges that there is due him from the plaintiff on
account of services rendered by defendant to plaintiff in
the sale of plaintiff's real estate.  That plaintiff agreed
to pay the defendant the reasonable value of said services
which was $180, no part of which has been paid.  Said
services were rendered during the years 1903, 1904, and
1905.  Defendant prays judgment for $180, interest and
costs."

No request was made to require the defendant to
make his demand more definite and certain, nor does the
record disclose that the contract is oral.  Sufficient ap-
pears from the pleading to warn the plaintiff that he was

being sued for compensation demanded by the defendant for bringing about a sale of the plaintiff's property. Section 74, ch. 73, Comp. St. 1911, requires that such contracts shall be in writing, subscribed by the landowner and the broker, and shall describe both the land and the compensation to be paid the agent. In *Schmid v. Schmid*, 37 Neb. 629, we held that "A petition alleging an agreement within the statute of frauds, but not alleging that such agreement was in writing, is sufficient after judgment." We think the rule should apply to the instant case. The contract may be in writing and comply with every requirement of the statute; the record does not otherwise disclose, and we should not presume that the justice of the peace would have rendered judgment upon an oral contract.

The argument that the services were rendered in Chicago and no liability attached thereby because of the defendant's failure to comply with alleged ordinances of that city is immaterial in the state of the record.

There is no error in the record, and the judgment of the district court is

AFFIRMED.