## HATTIE JONES, by her Guardian JAMES JONES, Appellant, *v.* BETHUEL DOVE, Respondent.

EVIDENCE—WILL.—Before a will can be admitted as evidence it must be admitted to probate by the county court.

STATUTE CONSTRUED.—Section 769 of the code of civil procedure construed.

PAROL EVIDENCE—WILLS.—Parol evidence is admissible to make certain the person or the thing described in a will.

APPEAL from Polk County.

This was an action for the recovery of real property. Penny and another were the original defendants, but they claimed to hold under the present respondent, who was substituted in their stead. The appellant had a perfect chain of title from Bethuel Dove, the respondent, down to the last will and testament of one Oliver M. Hurt, deceased, through whom appellant claimed title. This will had been regularly admitted to probate by the county court of Jackson county, and the whole record was offered. The court below sustained an objection to its admission as evidence, for the reason that the land in controversy did not appear to be described by the will. The appellant then offered extrinsic evidence to show that the land in controversy was included in the land referred to in the will. To the admission of such evidence the court below· also sustained an objection. To these rulings proper exceptions were taken, and allowed. Respondent had a verdict and judgment, from which this appeal is taken. All other necessary facts are stated in the opinion.

*R. S. Strahan, Ben. Hayden, and J. J. Daley,* for the appellant:

The record of the probate of Hurt's will was a judicial record properly authenticated, and ought not to have been excluded. (Code of Proc. sec. 559; 33 Barb. 188.) The order of probate of a will is conclusive evidence of the execution of the will in the trial of any matter involving such an inquiry in any other court. (3 Wash. on Real Prop. 431; 1 Green. Ev. sec. 518; 2 Green. Ev. sec. 672.) Extrinsic evidence is admissible to identify the lands. (1 Ed. Ch. 189, 4 Paige, 271; 2 Dana, 47; 3 Watts. 385; Wigram on Wills, 142.) Parol evidence is admissible to identify the lands. (51 Me. 581; 10 Met. 26; 1 2 Penn. 144; 14 Id. 27.)

*R. Williams, Hill & Thompson and P. C. Sullivan,* for respondent:

Parol ·evidence cannot be admitted to show testator's intention. (Red. on Wills, 496.) The transcript of the probate of the will in the Jackson county court, was incompetent.

The will itself was the only competent evidence that could be offered. (Code, secs. 749; 2 Phil. Ev. 377, and note.)

By the Court, McArthur, J.:

The points for review, consist mainly in the rulings of the court below in the exclusion of evidence. The appellant had presented a number of deeds showing a perfect chain of title in one Oliver M. Hurt, through whom she claimed title by last will and testament. The will had been admitted to probate by the county court of Jackson county, and the whole record properly authenticated was offered in evidence, and excluded on the objection of respondent's counsel. The reason for the ruling, it seems, was that the land in controversy did not appear upon the face of the will to be included or described therein. An offer was then made to show by extrinsic evidence that the land was so included, and upon objection the court below excluded such evidence also.

These rulings, the respondent insists, were correct, and as an additional reason for excluding the record of the probate of the will, it is urged that the English rule (2 Phil. on Ev. 377) obtains in this state, and that the original will should have been offered and its execution proved in this action, it being an action real. If this position is maintainable this judgment should be affirmed, otherwise the opposite result must be reached. In order to arrive at a correct conclusion, a brief examination of the jurisdiction of our county courts sitting in probate becomes necessary. By virtue of statutory enactment, those courts are invested with exclusive jurisdiction, in the first instance, to take proof of wills (Code, sec. 869), and their judgments or decrees, in respect of the probate of wills, are conclusive upon the question of the execution thereof. (Code, sec. 723.) In England the ecclesiastical courts were the only tribunals in which wills were established, and the decrees were only conclusive evidence of the *factum* of wills of personalty. Hence the reason of the English rule requiring the production and proof of execution of original wills in all actions, real either in the common law or equity courts.

With us, the courts of common law and equity have no original jurisdiction or right to determine whether a will has been legally executed or not.

If a county court having jurisdiction admits a will to probate, the fact of the execution thereof by the testator cannot be called in question, and if the decree is not vacated by an appeal, or successfully impeached in some known and recognized legal method, it is final and conclusive upon all persons. It is very apparent to us from the broad jurisdiction of our county courts in matters of probate, that a naked will, unaccompanied by a decree of one of those courts admitting it to probate, cannot be received in evidence as a muniment of title in an action of ejectment in the circuit court, even though the party offering the same stands ready with the subscribing witnesses to prove the execution thereof by the testator. The proceedings of probate must all be taken in the county court, and under the conditions above expressed, its decree is final, and being a judicial record may be proved by the production of a certified copy thereof. (Code, sec. 720.)

In reaching the conclusions arrived at, we have not overlooked section 769 of the code, wherein it is declared that "a last will and testament, except when made by a soldier in actual military service, or by a mariner at sea, is invalid, unless it be in writing, and executed with such formalities as are required by law. Evidence, therefore, of such will shall not be received other than the written instrument itself, or secondary evidence of its contents, in cases prescribed by law." This section does not raise an exception to the general rule, in relation to the admissibility of certified copies of the record of the proceedings in probating a will, and as we understand, it does not authorize the admission of an unprobated will as evidence of title in an action for the recovery of real property. It is simply a general principle of the law of evidence furnishing a rule for the guidance of the probate court in ascertaining whether a will has been executed with the formalities required by law, and authorizing the admission of secondary evidence of the contents of a lost will, or of one improperly destroyed and the like.

Section 1969 of the code of procedure of the state of California is identical with section 769 of our code. The jurisdiction of the probate courts of that state is derived from a statute based upon a constitutional provision. The constitution of California, art. 6, sec. 8, declares generally: "The county judges shall also hold, in their several counties, probate court, and perform such duties as probate judges, as may be prescribed by law," and the code declares, section 97, that "the probate court has jurisdiction to open, and receive proof of last wills and testaments, and to admit them to proof." With these provisions of fundamental and statutory law, very similar to our own, though not so strongly stated as in our code (sec. 869); to guide and control them the courts of our sister state have declared the law to be that before a will can be read in evidence to support a title under it, the regular probate thereof must be shown (18 Cal. 479), and in announcing this doctrine they have but followed the uniform decisions of the courts of those states in which the original jurisdiction is vested in the probate courts. Nowhere have we been able to find any expression of opinion warranting the construction sought to be placed upon section 769. On the contrary, the language of the opinion of the case cited, and of the cases following and approving it, clearly indicates that the courts of that state have never regarded section 1969 of the California code as furnishing authority for admitting an unprobated will to be offered, and its execution proved in an action in a common law court, and confirms and strengthens us in the interpretation placed upon the like provision of our code.

The objection urged by respondent that notice of the proceedings in probate was not given is of no weight whatever, for the defendant in this action was an absolute stranger to the adjudication in the probate court. As has been stated, an offer was made to prove by extrinsic evidence that the land in controversy was included in the will. This the court refused. The language of the will is: "I give, devise and bequeath unto Ellis Lerelle Jones and Hattie Jones, children of James Jones and Elizabeth Jones,

my real estate, situated in Polk county, state of Oregon, being the north half of the donation claim of Bartholomew Dove, and bounded on the north by the land of James Jones, and on the south and east by the land of Benj. Hayden." The evidence offered tended to prove the complete boundaries of the land, and to show that it was the land claim of Bethuel instead of Bartholomew Dove. The rejection of this evidence was error, for parol evidence is admissible to identify the lands and to show what particular property was intended to pass, or to make certain the person or the thing described. (Wigram on Wills, 142.)

Judgment reversed and a new trial ordered.