[Argued July 25, 1893; decided October 23, 1893.]

In re CLAYSON'S WILL.

[S. C. 34 Pac. Rep. 358.]

Requisites for Probating a Foreign Will — Code §§ 731, 3082. — To render a foreign will effective to convey real estate in Oregon under the law as it existed prior to 1891, it must not only have been executed in the manner prescribed by the law of this state, but must also have been proved in the foreign jurisdiction in the manner required by the Oregon law (Hill's Code, § 3082); and this entire record must have been authenticated in the manner provided by section 731, Hill's Code.

Clackamas County: Frank J. Taylor, Judge.

This is a proceeding brought by Emma Jane Clayson, in the county court of Clackamas County, to have the will of W. H. Clayson, a non-resident decedent, admitted to probate, and to have ancillary letters of administration with the will annexed issued thereon to some suitable person, and to have the defendant Charles Clayson, administrator of the estate of such decedent, removed, and comes here on an appeal by Charles Clayson.   Reversed.

*Algernon Sidney Dresser,* and *Edw. Mendenhall,* for Appellant.

*Joseph Simon* (*Cyrus A. Dolph,* and *Rufus Mallory* on the brief), for Respondent.

MR. CHIEF JUSTICE LORD delivered the opinion of the court:

A brief statement of the facts is essential to the determination of the question involved.   It appears from the transcript that W. H. Clayson, who was an inhabitant and resident of England, died in that country on the sixth day of October, 1890, leaving an estate therein, and also leaving an estate consisting of real property in Clackamas County, Oregon; that the deceased left a will dated the fifth of September, 1889, with a codicil thereto dated the the seventh of October, 1889; that said will and codicil was duly probated, proved, and registered in the Principal Probate Registry of Her Majesty's High Court of Justice in England, and letters testamentary were duly granted thereon to Emma Jane Clayson, one of the trustees, and the executrix therein named, who, on the thirteenth day of January, 1891, was duly qualified and sworn to execute the said will, and is still acting in England as such trustee and executrix; that on the eleventh day of March, 1891, Charles Clayson, the appellant, of Portland, Oregon, filed a petition in the county court of Clackamas County

in which he represented *inter alia* that the said W. H. Clayson died intestate, leaving an estate in said county, and praying for the appointment of himself as administrator of said estate; that he was thereupon duly appointed, and on the thirty-first day of March, 1891, qualified as such administrator; that on the fourth day of September, 1891, Emma Jane Clayson, through her attorneys, filed in the said county court her petition for the probate of the will of W. H. Clayson, deceased, and the appointment of some suitable person as administrator with the will annexed, and for an order removing Charles Clayson as administrator, and revoking his letters of administration. Filed with her petition, and forming a part thereof, is a paper alleged to be a duly authenticated copy of said will and codicil with the probate thereof. There are other facts connected with these proceedings, but their statement is not deemed material to our inquiry. The transcript also shows that the appellant filed an answer in which he denied, either absolutely or upon information and belief, substantially all the allegations of the petition, and alleged some new matter which was denied in the reply. When the petition came on for hearing the petitioner offered in evidence an instrument purporting to be a certified copy of the last will of W. H. Clayson, deceased, with the probate thereof in the Principal Probate Registry of Her Majesty's High Court of Justice in England, which the court refused to receive, holding, as indicated by its order, that such instrument was not authenticated as required by law, and was not entitled to probate or record in this state, and thereupon dismissed the proceeding. From this order an appeal was taken to the circuit court, which reversed the order of the county court, and remanded the case for further proceedings therein. From the decree reversing said order this appeal was taken.

The question to be determined is, whether, upon the facts herein disclosed, the instrument offered in evidence

as a certified copy of the last will and testament of W. H.
Clayson, deceased, is entitled to be admitted to probate or
record in this state. The principle is elementary that the
title and disposition of real property is exclusively subject
to the laws of the country where it is situated, which alone
can prescribe the mode by which the title to it can pass
from one person to another. "The validity of every dis-
position of real estate," says Sir WILLIAM GRANT, "must
depend upon the law of the country in which that estate
is situated": *Curtis* v. *Hutton*, 14 Vesey, Jr. 537; *McCor-*
*mick* v. *Sullivant*, 10 Wheat. 201; Story, Conflict of Laws,
§ 424. Real property may be conveyed by a will or by
deed, but in either case, to have that effect it must be
executed according to the laws of the country where the
property is located. Real property is never for an instant
without an owner. When a person dies leaving real prop-
erty, the title to it vests *eo instanti* in his heirs unless he
has made a will conformable to the law of its *situs*, mak-
ing a different disposition of it from that which the law
would otherwise make.

At the time of the testator's death, and also at the
date of his alleged will, section 3082, Hill's Code, required
a foreign will devising real estate located in Oregon, to be
executed and proved according to its laws. Said section
provides that "any person not an inhabitant, but owning
property, real or personal, in this state, may devise or be-
queath such property by last will, executed and proved
according to the laws of this state, or of the state, country,
or territory in which the will shall be proved." If a per-
son not an inhabitant, but owning real property in this
state, died in a foreign country and left a will devising
such property, and the will was admitted to probate in
that country, its execution and the proof thereof would
have to be sufficient if made in this state to convey real
property therein, before the heirs will be devised of their
title to it. The probate of a will in one state does not

XXIV OR.—35.

establish its validity as a will devising real property in another state unless the laws of the latter state permit it. It is essential, therefore, in order that a foreign will be effective to convey real estate situated in Oregon, that it not only be executed in the manner prescribed by the law of the state, but also that it be proved in the foreign jurisdiction in the manner required by such law. When a foreign will has been executed and proved in the foreign court according to the laws of this state, the next step required to be taken in order to give it effect is to present a copy of it, and the probate thereof, duly authenticated, to the county court in which the land lies, so as to entitle it to be admitted to record. Section 3083 provides: "Copies of such will, and the probate thereof, shall be recorded in the same manner as wills executed and proven in this state, and shall be admitted in evidence in the same manner and with like effect": Woerner, Administration, § 493. In the light of section 3082 the words "the probate thereof" include the proof of the will before the foreign tribunal and its order admitting it to probate. There must be a copy of the will and a copy of the evidence upon which such order was made, showing that in the execution and proof of the will the requirements of the law of this state have been complied with; but before copies of such will and the probate thereof in the foreign jurisdiction can be admitted in evidence, they must be duly authenticated. There is nothing in section 3083 to indicate the manner in which these copies are to be authenticated, nor is it necessary that there should be. A will admitted to probate is a judicial record, and section 731 provides how a judicial record of a foreign country must be proved. It is clear, then, under the sections we have been considering (3082, 3083, and 731), that before a foreign will can be admitted to record it must be shown by authenticated copies of the will and of the evidence upon which the foreign probate was granted, that the will was

executed and proved according to the laws of this state. Mr. Woerner says: "In many states (among which he includes Oregon) it is affirmatively provided that the foreign probate is conclusive only in so far as the will concerns personal property; to pass title to real estate it must appear, either by proof furnished in the form *loci rei sitæ*, or by the authenticated copy of the evidence upon which the foreign probate was granted, that in the execution, attestation, and proof of the will, the requirements of the law of the state in which the land lies have been complied with." And again, unless the foreign probate is made conclusive as to real property by the statute, he says "it must affirmatively appear from such foreign probate, or other proof, that the law of the forum has been observed in making and proving the will in order to give validity to its deposition of real estate." The validity of the will must be determined by the laws of the state in which the property is situated unless such laws make the foreign probate conclusive: *Robertson* v. *Pickrell*, 109 U. S. 610 (3 Sup. Ct. Rep. 407).

As the facts disclose that the death of W. H. Clayson, and also the probate of his will in the foreign jurisdiction, occurred while the statutes cited were in force, it results, if such will is to have the effect to convey real estate in Oregon, that it must be shown to the satisfaction of the county court, either by proof furnished to it or by certified copies of the will and the probate thereof, showing that in the execution, attestation, and proof of the will the requirements of the law of this state were observed, and that the record of such probate — it being a judicial record — be duly authenticated as required by section 731. The paper offered in evidence, purporting to be the last will of W. H. Clayson, does not meet these requirements. The proof upon which the foreign probate was granted is not disclosed so as to show to the court that the alleged will was executed and proved according to the laws of Oregon, nor

is the record of the foreign probate authenticated so as to show that the court or officer whose judicial act or proceeding is certified had jurisdiction to probate the same, etc., as prescribed by said section 731. In fact, the will and codicil of W. H. Clayson and the foreign probate thereof presented to the county court were prepared and certified under the amendments of the twentieth of February, 1891, to sections 3082 and 3083 (Laws, 1891, p. 99), but as those amendments were not in existence when Clayson died and his will was admitted to probate in England, and as there is nothing retroactive in such amendments, they can have no application to the present case, as in the absence of express words to that effect a law can only operate upon future and not upon past transactions.

From these considerations it follows that there was no error in refusing to admit such alleged will to probate and record; and that the decree of the circuit court be reversed and the cause remanded for such further proceedings as may be deemed proper and not inconsistent with this opinion. REVERSED.