Eccles v. United States Fidelity & Guaranty Co.

SAMUEL ECCLES v. UNITED STATES FIDELITY & GUARANTY
COMPANY.

FILED OCTOBER 5, 1904.   No. 13,646.

1. **Motion to Dismiss.** A motion to dismiss a proceeding in error will
   not lie or the ground that no motion for a new trial was filed in
   the trial court by the plaintiff in error, because this court will
   examine the record so far as is necessary to determine whether
   the pleadings sustain the judgment.

2. **Parties.** All parties against whom a joint judgment has been
   rendered must be made parties to a proceeding in error. But
   this rule has no application where the judgment complained of is
   several, and in favor of the defendant in error alone.

ERROR to the district court for Gage county: JOHN S.
STULL, JUDGE. *Motion to dismiss denied.*

*A. Hardy,* for plaintiff in error.

*Hazlett & Jack, contra.*

BARNES, J.

The plaintiff in error commenced this action against
William H. Walker, a justice of the peace, on his official
bond, and impleaded the United States Fidelity &
Guaranty Company, his surety, to recover the statutory
penalty for taking and receiving illegal fees.   The bond
company filed a general demurrer to the petition, which
was amended by interlineation; it thereupon answered
over, and the cause was tried in the district court for Gage
county to a jury.   A verdict was returned for the plaintiff;
both defendants filed motions for a new trial.   Walker's
motion was overruled, and judgment was rendered against
him on the verdict; and the motion of the surety company
was sustained.   Thereafter the cause proceeded against
the said company alone, and a second trial resulted in
another verdict for the plaintiff.   Thereupon the company
filed another motion for a new trial, which was sustained;

and also filed a motion for a dismissal of the case, notwithstanding the verdict which was likewise sustained, and the action, as to said company, was finally dismissed. To these rulings the plaintiff excepted and prosecuted error. The bond company has filed a motion herein to dismiss the error proceedings, and on this motion the cause is now presented for our consideration. The substance of the first ground of the motion is that this is an action at law; that it was tried to a jury on questions of fact, in support of which evidence was introduced; that the court sustained defendant's motion to dismiss, because the petition did not state facts sufficient to constitute a cause of action, and that the evidence failed to prove a cause of action against the defendant herein; and the plaintiff, having failed to file a motion for a new trial, cannot obtain a review of the judgment of the trial court. The action of the district court brought here for review is, in effect, a judgment on the pleadings; a judgment, notwithstanding the verdict, which was summarily rendered in favor of the defendant over the plaintiff's objections and exceptions. In such a case it is not necessary for the plaintiff to file a motion for a new trial in order to obtain a review of the proceedings, for this court will examine the record so far as it is necessary, to determine whether the petition states a cause of action; in other words, whether the pleadings support the judgment complained of. *Schmid v. Schmid,* 37 Neb. 629; *Scarborough v. Myrick,* 47 Neb. 794; *Farris v. State,* 46 Neb. 857. One of the grounds of the defendant's motion to dismiss the action in the court below was that the petition did not state facts sufficient to constitute a cause of action. The ruling on that point can be reviewed in this court without a motion for a new trial, and the case cannot be disposed of on a motion to dismiss the proceedings in error.

The second and last ground of the defendant's motion is that the proceedings must be dismissed for want of necessary parties; and it is contended that Walker, against whom a judgment was rendered in the court below, is

a necessary party defendant in this proceeding. This would be true if the judgment complained of were a joint judgment; in other words, if it were a judgment against the plaintiff in error and in favor of Walker and the defendant company jointly. Such is not the case. Walker is neither liable under, nor is he bound by, the judgment complained of, and therefore is not a necessary party herein. *Kuhl v. Pierce County*, 44 Neb. 584; *Farney v. Hamilton County*, 54 Neb. 797; *Collins Mfg. Co. v. Seeds Dry Plate Co.*, 55 Neb. 577; *Richardson v. Thompson*, 59 Neb. 299.

It follows that the matters involved in this controversy cannot be disposed of on an objection to the jurisdiction or a motion to dismiss the proceedings in error. For these reasons the motion should be, and the same is, hereby overruled.

MOTION OVERRULED.