Argued 30 March, decided 28 April, 1905.

## MONTAGUE *v.* SCHIEFFELIN.

80 Pac. 654.

SUFFICIENCY OF TESTAMENTARY WRITING—WITNESSES.
1. A paper purporting to be a will, but not witnessed, executed in
another State by a person not a mariner or soldier, is not entitled to pro-
bate in Oregon, under Sections 5548 and 5561, B. & C. Comp. and is not
effectual to transfer the title to real property in this State.

A LETTER NOT A WILL OR CODICIL.

2. An ordinary letter is neither a will nor a codicil, being unattested, as required by Sections 5548 and 5575, B. & C. Comp.

SUFFICIENCY OF UNPROBATED DOCUMENT TO CONVEY PERSONAL PROPERTY.

3. A document insufficient as a will, under the laws of Oregon, and not probated elsewhere, is not evidence of any statements therein contained as a bequest of personalty.

From Washington: THOMAS A. MCBRIDE, Judge.

Statement by MR. CHIEF JUSTICE WOLVERTON. ·

This is a suit by Richard W. Montague, as trustee in bankruptcy in the matter of the estate of Effingham L. Schieffelin, bankrupt, against Jay L. Schieffelin and others to subject an undivided one-fourth interest in the estate of Edward L. Schieffelin, deceased, to the payment of the debts of the bankrupt, which interest it is alleged is held in trust for him by Jay L. Schieffelin. The alleged trust relations and title are dependent for their validity and legal existence upon certain papers, one denominated the "last will" and the other in form a letter left by deceased at the time of his death. They are, so far as it is necessary to set them out, in language following:

"LAST WILL.

"1st. I give to my wife, Mary E. Schieffelin, all interests, both real and personal properties, I may die seized of in Alameda and Santa Clara counties, California. Also fifteen (15 $1000) one thousand dollar University of Arizona bonds and all other properties I may die seized of, both real and personal, wherever the same may be situated, I give to my brother, Jay L. Schieffelin, as Trustee.

"2d. As soon as the fifteen ($15,000) thousand dollar Equitable Life Insurance Policy and the money for the United States Bonds (suit now pending) in the hands of John Sparhawk, Jr., of Philadelphia, Pennsylvania, have been collected, and all personal debts have been paid, the balance I give to my wife Mary E. Schieffelin and my brother Jay L. Schieffelin as Trustee, share and share alike. * *

"5th. I appoint without bonds, as my executors, my wife, Mary E. Schieffelin, and my brother, C. L. Schieffelin.

"6th. This is my last will and testament, written under no influence and in sound mind, at home, fifteen (1511) hundred and eleven Central Avenue, Alameda, California, the sixteenth (16) day of September, eighteen (1896) hundred and ninety-six.

Ed. Schieffelin.

(Indorsed) Last Will of Ed. Schieffelin, Sept. 16, 1896."

"To my Brother Jay L. Schieffelin:
     A Request.
Dear Jay:
     "You will see by my will of September 16th, 1896, that I have left my property, real and personal, to you as Trustee, and to my wife Mary E. Schieffelin. 1 want you as soon as you think it desirable, to give to our niece Lulu Dunham the Seventh (7th) street property in the City of Los Angeles, California.

     "And all other monies and property, real and personal, that may come into your hands from my estate, I want you to collect all rents and incomes from the same; and whenever you think it advisable, after deducting all necessary expenses, divide the balance between yourself, our sister Lizzie Guirado, our brothers C. L. Schieffelin and E. L. Schieffelin, share and share alike, until such time as you think it advisable to either divide the property as you receive it or sell it and divide the proceeds. Either way, I want yourself, our sister Lizzie Guirado, and our brothers C. L. Schieffelin and E. L. Schieffelin, to share in all property that may come into your hands from my estate except that given to our niece, Lulu Dunham. Whenever you think such division advisable, it might be advisable to consult with our sister and brothers about the manner and time of making such division. However, use your own discretion about it. .
     Your brother,                          · Ed. Schieffelin.
     1511 Central Avenue, Alameda, California. .
     · April 10th, 1897."

     Effingham L. Schieffelin and C. Fannie Schieffelin, his wife, answered separately, suggesting two defenses, one partial and the other complete. The partial defense consists of an averment that certain of the alleged indebtedness of the bankrupt is unconscionable, and the complete defense in the further averment that the alleged trust was created as a spendthrift's trust to prevent the dissipation of the property that Effingham would otherwise have inherited from the deceased. A demurrer to these answers being overruled, and plaintiff refusing to plead further, defendants moved for a decree dismissing the complaint upon the ground of plaintiff's failure to controvert the new matter, which motion was sustained, and the plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Samuel*

*Hiram Gruber* and *Bauer & Greene,* with an oral argument by *Mr. Gruber.*

For respondents there was a brief and an oral argument by *Mr. John Hicklin Hall.*

Mr. Chief Justice Wolverton delivered the opinion.

1. The only question which need be considered in this case is whether Effingham L. Schieffelin acquired any right or title to the property in question by virtue of the papers left by the deceased, which it is alleged are his last will and codicil thereto. The question is made here upon the complaint that it does not state facts entitling the plaintiff to the relief demanded. The plaintiff deraigns title for Effingham wholly through these supposed muniments. If they are insufficient or inadequate for the purposes of a devise or bequest transferring title from the deceased to Effingham, then it must be assumed that he has no interest therein, or it would have otherwise been set out. The statute of this State provides the specific manner in which a will shall be executed; that is, it shall be in writing, signed by the testator, and attested by two or more competent witnesses. A codicil must be executed with the same formality: B. & C. Comp. §§ 5548, 5575. The only exception to this manner of disposing of property by will is in the case of a mariner or soldier in the military service: B. & C. Comp. § 5558. The statute further provides that any person not an inhabitant of but the owner of property, real or personal, in this State, may devise or bequeath such property by last will, executed, if real estate be devised, according to the laws of this State, or, if personal property be bequeathed, according to the laws of this State or of the state or territory where executed. If probated elsewhere, certified copies of the will and probate may be recorded in the same manner as wills executed and probated in this State, and are thereafter entitled to be admitted in evidence in the same manner and with like effect: B. & C. Comp. §§ 5561, 5562. By reference to the documents in question it will be seen at a glance that the alleged will is not attested in the manner thus required. It was not, therefore, entitled to probate in this State, as it pertains to

the realty, and was wholly insufficient as a muniment to convey the title thereto to the alleged legatee.

If, however, it was executed according to the laws of California, where the deceased resided at the time of his decease, it would be sufficient to carry title to the personal property; but about this it is unnecessary to inquire.

2. If we admit, as is alleged in the complaint, that the document was duly admitted to probate in Washington County, it of itself carried no title or interest to Effingham L. Schieffelin. Everything not given to the wife was devised and bequeathed to Jay L. Schieffelin, trustee, and the alleged will does not state who were intended to be the cestuis que trustent. Now, to complete the chain of title so as to constitute Effingham one of four of such cestuis que trustent, the plaintiff relies wholly on the letter of April 10, 1897. This letter was not attested as a will or a codicil according to the laws of this State, and therefore it also is clearly not sufficient as a devise of the realty: *In re Clayson's Will,* 24 Or. 542 (34 Pac. 358) ; *Orth* v. *Orth,* 145 Ind. 184 (42 N. E. 277, 44 N. E. 17, 32 L. R. A. 298, 57 Am. St. Rep. 185) ; *Magoohan's Appeal,* 117 Pa. 238 (14 Atl. 816, 2 Am. St. Rep. 660).

3. As it concerns the personal property, the alleged codicil, as it appears from the complaint, has never been probated, either in California or here, and it cannot be utilized as evidentiary of Effingham's right or title, if the paper were otherwise competent to declare and fix a trust: *Jones* v. *Dove,* 6 Or. 188; *In re Johns' Will,* 30 Or. 494, 501 (47 Pac. 341, 50 Pac. 226, 36 L. R. A. 242).

It follows that the decree of the circuit court dismissing the suit was properly rendered, and will therefore be affirmed.

AFFIRMED.