## CHAPPLE et al. v. GIDNEY et al.

No. 2664.    Opinion Filed June 10, 1913.

Rehearing Denied Sept. 2, 1913.

(134 Pac. 859.)

1. APPEAL AND ERROR—Parties—Ruling on Demurrer. Where the separate demurrer of one of three defendants is sustained and the action dismissed, it is dismissed as to the demurrant and left pending as to the defendants not demurring, and the defendants not demurring are not necessary parties to an appeal taken from such action of the trial court.

2. COURTS—Indian Territory—Decision of Probate Court—Statute. Section 6509 of chapter 155, entitled "Wills and Testaments," as published in the volume known as Mansf. Dig. of Ark., which provides that: "An appeal shall lie from the court of probate to the circuit court, and thence to the Supreme Court, upon every order admitting a will to record or rejecting it. The appeal to the circuit court shall be taken within one year after rendering the order of probate, or rejection in the court of probate, and to the Supreme Court within one year after the final decision in the circuit court"—was locally inapplicable to conditions in the Indian Territory and was not extended over and put in force in that jurisdiction by section 31 of the Act of Congress of May 2, 1890, c. 182, 26 St., at L. 81.

3. SAME. By the Act of May 2, 1890, c. 182, 26 St. at L. 81, Congress intended to extend over and put in force in the Indian Territory all of the provisions that are found in the several chapters of Mansf. Dig. which are designated in section 31 of the Act of Congress by subject and chapter number, if not locally inapplicable or in conflict with the Act of Congress of May 2, 1890, or with any law of Congress relating to the subjects specially mentioned in said section. Congress did not intend to make the extension or nonextension of such law to depend

upon the question whether they were in force in the state from which they were adopted.

(Syllabus by the Court.)

*Appeal from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Sidney C. Chapple against Samuel E. Gidney and others, and on motion J. C. Scully was made a party plaintiff. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

*Yancey Lewis, N. B. Maxey, W. F. Schuermeyer,* and *Chas. F. Runyan,* for plaintiffs in error.
*William T. Hutchings, W. P. Z. German,* and *Geo. A. Murphy,* for defendant in error Gidney.

KANE, J. This was an action commenced by the plaintiff in error, plaintiff below, Sydney C. Chapple, for the purpose of setting aside the will that figures in the case of *Gidney v. Chapple et al.,* 26 Okla. 737, 110 Pac. 1099. As the facts as stated in the opinion in that case are in the main pertinent to a full understanding of the issues herein, we will not restate them. This action was instituted in the United States District Court for the Western District of Indian Territory at Muskogee on the 18th day of August, 1906. The prayer of the complaint was to the effect that the will, which was admitted to probate in common form on the 3d day of July, 1906, be adjudged invalid and void; that an issue of *devisavit vel non* be formed to try the validity thereof; that the probate of the same be set aside; and that the defendant Samuel E. Gidney, executor and principal beneficiary under said will, be compelled to account to the plaintiff for all that portion of said estate which had come into his hands. Charity Dobbs and Sullivan Thorn, who by the terms of the will were beneficiaries in a small way, were also made parties defendant, but they, after legal service had been made upon them, defaulted in the court below and were not made parties

to this proceeding. J. C. Scully, upon motion of the defendant Samuel E. Gidney, was made a party plaintiff for the reason that he was claiming some interest in the outcome of the suit under and by virtue of a certain contract executed by Scully and Chapple, by the terms of which said Scully would be entitled to an undivided one-half interest to and in any property recovered in said action, in exchange for money expended in hiring attorneys to contest the validity of said will and for the advancement of costs to maintain said suit. Samuel E. Gidney, after being duly served, filed a separate answer to the merits. After the rendition of the final judgment in *Gidney v. Chapple et al., supra,* the will case was transferred for further proceeding to the superior court of Muskogee county, and thereafter said court allowed the defendant to withdraw his answer to the original complaint and to file a demurrer thereto upon the grounds that (1) the said complaint did not state facts sufficient to constitute a cause of action, and (2) that neither the United States Court in which said cause was originally filed, nor the superior court in which it is now pending, had jurisdiction to hear and determine the issues raised therein. Thereafter the court below sustained the demurrer of the defendant, and, plaintiff refusing to plead further, the court dismissed his case, to reverse which action this proceeding in error was commenced.

A preliminary question is presented upon the motion to dismiss the appeal filed by the defendant in error upon the ground that the appeal has not been properly perfected in that Charity Dobbs and Sullivan Thorn, who were defendants in the court below, have not been made parties in the Supreme Court; service of summons in error and of case-made not having been had upon them. A great many cases by this and other appellate courts are cited in support of the motion, but we do not believe that any of them are in point. In nearly all the numerous cases in this court, wherein appeals have been dismissed, for failure to join necessary parties plaintiff or defendant, the omitted parties have been

parties to a joint judgment which it is sought to reverse, or it was found they would be adversely affected by a reversal' of the judgment appealed from.    Charity Dobbs and Sullivan Thorn are not necessary parties because (1) no joint judgment has been rendered and no action was taken against them by the court below after service of summons upon them and their default, and because (2) the demurrer which was sustained by the court was the separate demurrer of the defendant Gidney, and the judgment of the court sustaining the same and dismissing the cause as to the demurrant left it pending and unaffected as to the other defendants.    On the first proposition *Outcalt v. Collier,* 8 Okla. 473, 58 Pac. 642, is in point.    In that case it was held that:

"Where a judgment is rendered against one of several defendants jointly and severally liable on a promissory note, and no action is taken as to the other defendants, but the cause left standing on the docket as to them, and the defendant against whom judgment is rendered appeals, the remaining defendants are not necessary parties to the appeal."

*Anderson Glass Co. v. Brakeman,* 20 Ind. App. 226, 47 N. E.   937; *Halstead v. Olson et al.,* 5 Neb. (Unof.) 112, 97 N. W. 442; *Eccles v. U. S. F. & G. Co.,* 72 Neb. 439, 100 N. W. 942; *Washington v. Arnold,* 167 Ala. 448, 52 South. 463; *Cox v. Hardee,* 135 Ga. 80, 68 S. E. 932; *Dyal v. Hayes* (Ark.) 12 S. W. 874; *Byron v. Gunn,* 111 Ga. 805, 35 S. E. 650—sustain the second proposition.

In *Dyal v. Hays, supra,* it was held that:

"Where the separate demurrer of one of several defendants is sustained and the action dismissed it is dismissed as to him and left pending as to the defendants not demurring."

That seems to be the situation in the case at bar.    It follows that the motion to dismiss must be overruled.

The demurrer was sustained upon the grounds:    (1) That no appeal was taken from the action of the court in receiving the probate of the will in common form, and therefore neither section 6523 of chapter 155, Mansf. Dig. of Ark., which provides for a retrial of the question of pro-

bate by a nonresident who was proceeded against by order of appearance only, within three years, nor section 6525 of the same chapter, which provides that "if any person interested in the probate of any will shall appear within five years after the probate or rejection thereof, and, by petition to the circuit court of the county in which such will was established or rejected, pray to have any such will rejected, if previously established, or proven, if previously rejected by, the court of probate, it shall be the duty of the circuit court to direct an issue to try the validity of such will, which issue shall in all cases be tried by a jury"—was available to the plaintiff, and that said sections were unavailable for the further reason that, under the construction of the Supreme Court of Arkansas, said sections were not "in force" in Arkansas on the 2d day of May, 1890, and therefore they were not embraced within the body of law which was extended to and put in force in the Indian Territory by the act of Congress of that date, entitled "An act to provide a temporary government for the territory of Oklahoma, to enlarge the jurisdiction of the United States Court in the Indian Territory, and for other purposes." We cannot agree with the court below upon either proposition.

The part of the act of Congress above referred to which it is necessary to notice (Act May 2, 1890, c. 182, 26 St. at L. 81) provides:

"That certain general laws of the state of Arkansas in force at the close of the session of the General Assembly of that state of eighteen hundred and eighty-three, as published in eighteen hundred and eighty-four in the volume known as Mansfield's Digest of the Statutes of Arkansas, which are not locally inapplicable or in conflict with this act or with any law of Congress, relating to the subjects specially mentioned in this section, are hereby extended over and put in force in the Indian Territory until Congress shall otherwise provide, that is to say, the provisions of the said general statutes of Arkansas relating to administration, chapter one, and the United States court in the Indian Territory herein referred to shall have and exercise the powers of courts of

probate under said laws; to public administrators, chapter two, and the United States marshal of the Indian Territory shall perform the duties imposed by said chapter on the sheriffs in said state; to arrest and bail, civil, chapter seven."

Then follows specific adoption of a great many laws described as above by subject and number of chapter, and finally the section (section 31) concludes as follows:

"And to wills and testaments, chapter one hundred and fifty-five; and wherever in said laws of Arkansas the courts of record of said state are mentioned the said court in the Indian Territory shall be substituted therefor; and wherever the clerks of said courts are mentioned in said laws the clerk of said court in the Indian Territory and his deputies, respectively, shall be substituted therefor; and wherever the sheriff of the county is mentioned in said laws the United States marshal of the Indian Territory shall be substituted therefor, for the purpose, in each of the cases mentioned, of making said laws of Arkansas applicable to the Indian Territory."

All the sections of the law of Arkansas that it is necessary herein to notice are embraced within chapter 155, relating to wills and testaments, as published in the volume known as Mansfield's Digest of the Statutes of Arkansas. The will was exhibited for probate in common form before the United States Court for the Western District of Indian Territory at Muskogee under section 6522, which provides:

"When any will shall be exhibited for probate, the court of probate, or clerk thereof in vacation, in person or by his deputy, may and shall receive the probate thereof in common form, without summoning any party, and shall grant a certificate of probate, or, if the will be rejected, shall grant a certificate of rejection; but such action by such clerk or deputy, in vacation, shall be subject to the confirmation or rejection of the court."

The section under which it is contended an appeal was necessary (section 6509), provides as follows:

"An appeal shall lie from the court of probate to the circuit court, and thence to the Supreme Court, upon every order admitting a will to record or rejecting it. The appeal to the circuit court shall be taken within one year after

rendering ' the order of probate, or rejection in the court of probate, and to the Supreme Court within one year after the final decision in the circuit court."

*Petty v. Ducker,* 51 Ark. 282, 11 S. W. 2, and *Ouachita Baptist College v. Scott,* 64 Ark. 349, 42 S. W.. 536, seem to be to the effect that, where a will has been published for probate in common form, the judgment of probate cannot be collaterally impeached in another court by any pleadings attempting to raise the issue of *devisavit vel non.* Other authorities more directly in point to the same effect are *Jones v. Dove,* 6 Ore. 188; *Hooks v. Brown,* 125 Ga. 122, 53 S. E. 583; *Loosemore v. Smith,* 12 Neb. 343, 11 N. W. 493.

So we take it the first proposition turns upon whether section 6509, *supra,* was locally inapplicable to conditions in the Indian Territory or in conflict with the Act of May 2, 1890, or with any law of Congress relating to the subject of wills and testaments. A glance at the statutes of Arkansas heretofore cited will disclose important differences between the judicial systems of the two jurisdictions. In Arkansas the courts having jurisdiction over wills and testaments are the courts· of probate, the circuit courts, and the Supreme Court; the jurisdiction of the latter two courts being appellate. In the Indian Territory there was but one court of original jurisdiction, the United States Court of the Indian Territory, and it was provided that that court "shall have and exercise the powers of courts of probate." If any section of the laws extended to and put in force in the Indian Territory by the Act of May 2, 1890, could be construed as providing for an appeal from the action of the court in the matter of the probate of a will, it would be tantamount to holding that Congress intended that an appeal should be taken from the action of the United States Court to the United States Court, which court was always presided over by the same judge, whether exercising its powers as a court of probate or the general jurisdiction of a trial court conferred upon it by the act of Congress. To our minds this

is a manifest absurdity. It is also apparent that it was not intended that such an appeal would lie to the Court of Appeals for the Indian Territory, the regularly constituted appellate court for that jurisdiction. Section 6521, c. 155, provides that:

"When the proceeding is taken to the circuit court, all necessary parties shall be brought before the court; and, upon the demand of any one of them, a jury shall be impaneled to try which or how much of any testamentary paper produced is or is not the last will of the testator. If no jury be demanded, the court shall determine that question, and the final decision given shall be a bar to any other proceeding to call the probate or rejection of the will in question, subject to the right of appeal or writ of error to the Supreme Court. * * *"

There is no provision made by act of Congress or otherwise for trial by jury in the Court of Appeals for the Indian Territory, and otherwise it was not equipped for the trial of causes *de novo*. Its jurisdiction was purely appellate, and it in no sense corresponded in jurisdiction or purpose with the circuit courts of Arkansas.

Another significant circumstance which lends support to the conclusion we have reached is that there was no mode of procedure in such matters provided for in the Indian Territory. The procedure for an appeal from the action of a court of probate to the circuit court under the laws of Arkansas is embodied in chapter 43 of Mansfield's Digest, the chapter pertaining to county courts, and that chapter was not extended to and put in force in the Indian Territory by the Act of May 2, 1890, or any other act of Congress, and therefore the plaintiffs would be without any system of procedure to take an appeal if it was held that the section of Mansfield's Digest providing for an appeal from the court of probate to the circuit court was locally applicable.

In *Hogane v. Hogane,* 57 Ark. 508, 22 S. W. 167, it was said that a court cannot exercise appellate jurisdiction over its own orders. Whilst such a proceeding would be

possible, where the legislative intent to that effect is clear, it would be so out of the ordinary and such a vain and useless thing that we would not attribute such an intention to the legislative · department unless the language used was incapable of any other reasonable interpretation. Therefore we hold that section 6509, *supra,* was locally inapplicable and was not extended to and put in force in the Indian Territory by the Act of Congress of May 2, 1890. From what we have said, it follows that the United States Court for the Western District had jurisdiction under section 6523, *supra,* which provides:

"Any person interested who, at the time of the final decision in the circuit court, resided out of this state, and was proceeded against by order of appearance only, without actual appearance or being personally served with process, and any other person interested who was not a party to the proceedings by actual appearance or being personally served with process, may, within three years after such final decision in the circuit court, by a bill in chancery, impeach the decision and have a retrial of the question of probate; and either party shall be entitled to a jury for the trial thereof. An infant, not a party, shall not be barred of such proceedings in chancery until twelve months after attaining full age."

We are also of the opinion that the court had jurisdiction under section 6525, *supra,* which provides:

"If any person interested in the probate of any will shall appear within five years after the probate or rejection thereof, and, by petition to the circuit court of the county in which such will was established or rejected, pray to have any such will rejected, if previously established, or proven, if previously rejected by the court of probate, it shall be the duty of the circuit court to direct an issue to try the validity of such will, which issue shall in all cases be tried by a jury."

The language used in the Act of Congress that certain general laws in the state of Arkansas in force at the close of the session of the General Assembly of that state of 1883, as published in 1884 in the volume known as Mansfield's Digest of the Statutes of Arkansas, was merely descriptive of

the specific body of laws which the Congress intended should become the laws of the Indian Territory, and it was not the intention to make such adoption depend upon whether the laws described were actually in force in the state from which they were adopted.   That such laws were in force in the state of Arkansas would add no potency to them as rules of action for the Indian Territory.   The important questions were: Are such laws locally applicable to conditions in the Indian Territory?   Are they in conflict with the Act of Congress passed for the purpose of providing a system of law for the Indian Territory, or with any law of Congress relating to the subjects specially mentioned therein?   In *Leak Glove Co. v. Needles,* 69 Fed. 68, 16 C. C. A. 132, wherein the construction of another section of Mansfield's Digest which was extended over and put in force in the Indian Territory by the Act of Congress of May 2d was involved, Caldwell, Circuit Judge, in speaking of the light by which such laws should be viewed by the courts charged with the duty of interpreting them, says:

"It is a mistake to suppose that chapter 60, containing the section in question, is to be treated in the Indian Territory as an Arkansas statute, as would be the case if a question should arise under it in the Circuit Court of the United States for the district of Arkansas.   In the Indian Territory it is an act of Congress and has the same force and effect as if it had been originally adopted by Congress without any reference to its prior existence in the state of Arkansas."

In another case wherein a similar question was involved (*Ardmore Coal Co. v. Bevil,* 61 Fed. 757, 10 C. C. A. 41), the syllabus reads as follows:

"Under Act May 2, 1890, sec. 31, which extends over the Indian Territory, certain laws of Arkansas, as published in Mansfield's Digest, 'which are not locally inapplicable or in conflict with this act or with any law of Congress, relating to the subjects specially mentioned in this section,' enumerating chapters of said digest by title and number, among them 'Pleadings and Practice, chapter 119,' section 5225 of that

chapter, allowing recovery of damages for death by negligence, cannot be excluded on the ground that it does not relate to pleadings and practice, as the intent was to adopt the provisions of the enumerated chapters as a whole, unless they were locally inapplicable or in conflict with the act, or some other existing act of Congress."

In the body of the opinion the learned judge who prepared the same says:

"In construing a statute like the Act of May 12, 1890, it is generally safe to reject an interpretation that does not naturally suggest itself to the mind of the casual reader but is rather the result of a laborious effort to extract from the statute a meaning which it does not at first seem to convey. It is apparent, we think, that Congress intended to extend over the Indian Territory all of the provisions that are found in the several chapters of Mansfield's Digest, which are enumerated in section 31 of the Act of May 2, 1890, unless they were locally inapplicable or were in conflict with the Act of May 2, 1890, or with some other existing act of Congress. The phrase, 'relating to the subjects specially mentioned in this section,' is tantamount to the expression, 'hereafter more particularly mentioned and described in this section.' Congress intended to put in force in the Indian Territory all of the general laws contained in the several chapters of Mansfield's Digest which are designated in section 31 of the Act of May 2, 1890, by number and title. It certainly did not intend to make the existence or nonexistence of a law to depend upon the question whether it was published under a title which correctly indicated the character of the law."

The same process of reasoning, which we think is sound, applied to the case at bar, completely refutes the contention of counsel for defendant in error and inevitably leads to the conclusion that Congress did not intend that the test whether said laws were extended over the Indian Territory should be, Were they in force in Arkansas at the date of the passage of the Act of May 2, 1890? We would say that the prudent lawyer, called upon to advise his client as to what laws of Arkansas were extended over and put in force in the Indian Territory by the Act of May 2d, *supra,* sufficiently pursues his investigation to perform his whole duty toward his client,

when he does so to the extent necessary to determine whether the laws specifically described by subject and chapter number are published in the digest mentioned in the act, and that they are not locally inapplicable or in conflict with the Act of May 2d or any law of Congress relating to the subjects specially mentioned. Having reached this conclusion, it follows that sections 6523 and 6525 were extended over and put in force in the Indian Territory by the Act of Congress of May 2, 1890, notwithstanding the decision of the Supreme Court of Arkansas to the effect that the Civil Code of Practice of that state repealed the last-named sections. *Dowell v. Tucker,* 46 Ark. 448.

Moreover, in view of what we have held in regard to the right of appeal, to hold otherwise would leave parties situated as the plaintiff herein without a remedy, for no one contends that the Act of May 2, 1890, would have the effect of extending to and putting in force in the Indian Territory sections of the Civil Code of Practice which the Supreme Court of Arkansas held "unquestionably provided for all cases in which sections 6525 and 6526 of Mansfield's Digest afforded any relief or remedy."

For the reasons stated, the judgment of the court below is reversed, and the cause remanded, with directions to proceed in conformity with the views herein expressed.

HAYES, C. J., and DUNN and TURNER, JJ., concur; WILLIAMS, J., absent.