In re **BRADLEY'S ESTATE.**
No. S–3568.

District Court of Alaska. Third Division. Anchorage.
Oct. 11, 1945.

· ˙ J. Gerald Williams, of Anchorage, special counsel for Territory of Alaska, and Ralph J. Rivers, Atty. Gen., of Alaska, for Territory of Alaska.

L. V. Ray, of Seward, for administrator.

DIMOND, Judge.

This is an appeal by the Territory of Alaska from an order of the Probate Court for the Seward Precinct, Third Division, Territory of Alaska, admitting to probate the alleged nuncupative will of LeRoy Bradley, deceased, and from a later decree of that court declaring Resurrection Lodge No. 7A, Independent Order of Odd Fellows, Seward, Alaska, to be "the sole legatee, devisee and beneficiary" under the alleged will, and thus entitled to all of the personal and real property of the estate of the decedent remaining after administration.

On July 29, 1942, LeRoy Bradley, then fatally ill, entered the Seward General Hospital at Seward, Alaska. He died there the same day. During that brief period, while conscious of impending death, and of unquestioned sound and disposing mind and memory, he declared to a nurse, Mrs. Lillian L. Lien, that he had no relatives and that he wished all of his estate, subject to administration, to become the property of the Odd Fellows Lodge above mentioned.

The Territory of Alaska, claiming as sole beneficiary by virtue of the escheat statutes of the Territory, has appealed to the District Court. At the hearing brief testimony was given on behalf of the Lodge, but most of the salient facts are embraced in a stipulation on file, made between the contesting parties, namely, the Territory and the Lodge, the administrator being a virtual stakeholder. The essential parts of that stipulation are quoted below:

"(1) That Leroy Bradley died in the Seward Hospital, at Seward, Alaska, on or about the 29th day of June 1942, without leaving any heirs, relatives or next of kin.

"(2) That at the time of his death the said Bradley was the owner of real and personal property, all situate within the Seward Precinct, Third Division of Alaska.

"(3) That on the 6th day of July 1942 one Thorwald Osbo filed his petition for appointment as administrator of the estate of the said Leroy Bradley deceased and in such

petition alleged that as far as petitioner had been able to learn the said Bradley died intestate, but that, shortly before his death had 'expressed the wish and desire that his property and effects be given to the Seward Lodge of the Independent Order of Odd Fellows.'

"(4) That on the 31st day of July 1942 the said Thorwald Osbo was duly appointed administrator of the said estate and now is such.

"(5) That at the time the said Bradley arrived at said Seward Hospital on the 29th day of June 1942, he was in imminent danger of death and was conscious of his condition and gave expression of his consciousness of impending death in said hospital to Mrs. Lillian L. Lien, the nurse who attended him; that at said time and in said condition he informed said Mrs. Lien 'that in event of death all his affairs be managed by the Seward Branch of the Independent Order of Odd Fellows and that after their management of his affairs and payment of the expenses of his illness, etc. that said I. O. O. F. retain the balance of his property as their own.'

"(6) That on the 30th day of September 1942 the aforesaid Mrs. Lien executed an affidavit in which she set forth what occurred and what was said by the said Bradley in said hospital at Seward on said June 29, 1942. (See affidavit in record.)

"(7) That said affidavit was presented to the said Probate Court on the 3rd day of March 1943, and was filed in the proceedings herein appealed from on said day.

"(8) That no other document or paper writing has ever been filed in the said proceedings or otherwise or produced touching the speaking of any testamentary words by the said Bradley or the making of any Will by him.

"(9) That the affidavit of Mrs. Lien was admitted to probate as the nuncupative Will of the said Bradley on the (blank) day of April 1944; that at the time the court considered said affidavit as such Will no evidence, other than said affidavit, was presented or adduced touching the speak-

ing of any testamentary words by the said Bradley or the making of any Will by him and the said Mrs. Lien was not a witness at such hearing or at any other hearing.

"(10) That at the time of the making of the said alleged nuncupative Will the said Bradley was not a soldier in the military service nor was he a mariner at sea at that time."

By acts of Congress and the Alaska territorial legislature, circumstantial provisions have been made as to the form and manner of execution of wills in Alaska. While some doubt may exist as to whether the sections now appearing in the Alaska code of 1933 concerning nuncupative wills are no longer in existence, by reason of the enactment of Chapter 4 of the Session Laws of 1915 (presently embraced in the 1933 code) which provides among other things that, "every will shall be in writing * * *", without making any exception concerning nuncupative wills authorized by then existing law, that question need not now be decided. For convenience in reference, Chapter 4 of the Laws of 1915 is quoted below:

"Chapter 4. An Act to amend Section 564, Chapter 15, Title XII, of the Compiled Laws of Alaska, in relation to the execution of wills. Be It Enacted by the Legislature of the Territory of Alaska: That Section 564, Chapter Fifteen, Title XII, of the Compiled Laws of the Territory of Alaska, be, and the same is hereby amended so as to read as follows:

" 'Section 564: Every will shall be in writing, signed by the testator, or by some other person under his direction, in his presence, and shall be attested to by two or more competent witnesses, subscribing their names to the will in the presence of the testator. The term "will", as used in this Chapter, shall be construed as to include all codicils; Provided, however, that olographic wills, with or without attestation, shall be admitted to probate the same as other wills and be proved in the same manner as other private writings.' Approved April 2, 1915."

Assuming that nuncupative wills are valid in Alaska, the authority therefor and the restrictions thereon are to be found in sections 4621, 4622, 4623 and 4640, Compiled Laws of Alaska 1933, as follows:

"Sec. 4621. Any mariner at sea, or soldier in the military service, may dispose of his wages or other personal property as he might have done by common law, or by reducing the same to writing.

"Sec. 4622. No proof shall be received of any nuncupative will unless it be offered within six months after speaking the testamentary words, nor unless the words, or the substance thereof, were reduced to writing within thirty days after they were spoken.

"4623. No probate of any nuncupative will shall be granted for fourteen days after the death of the testator, nor shall any nuncupative will be at any time proved, unless the testamentary words, or the substance thereof, be first committed to writing, and a citation issued, accompanied with a copy thereof, to call the widow or next of kin to the deceased that they may contest the will if they think proper.

"4640. A last will and testament, except when made by a soldier in actual military service, or by a mariner at sea, is invalid unless it be in writing and executed with such formalities as are required by law."

■ At the outset we are confronted with the indisputable fact that LeRoy Bradley, at the time he made the statement or declaration which was later admitted to probate as his nuncupative will, was neither a soldier in active military service nor a mariner at sea. Therefore the alleged will must be held invalid for every purpose. No good object could be attained by pointing out, as was done by special counsel for the Territory in his argument, the other defects with respect to the alleged will in its reduction to writing and submission for proof and probate, and in its assumed coverage of both real and personal property. 68 C.J. 1036;

Ray v. Wiley, 1902, 11 Okl. 720, 69 P. 809; Montague v. Schieffelin, 1905, 46 Or. 413, 80 P. 654.

It is of course regrettable that the reasonable and clearly expressed wishes of the decedent cannot be followed. The testimony shows that LeRoy Bradley in his lifetime was a devoted member of the Seward Lodge of Odd Fellows. Many, if not most, of his friends were members of that Lodge. Therefore he desired that the Lodge, not only for itself as an institution to which he was devoted, but because it represented his friends, should benefit by whatever property of his estate might be left after administration. The record indicates that the amount so remaining may be in the neighborhood of $3,000.

■■ But the law is explicit in its directions and may not be disregarded by the courts; and while in England at an earlier age when most men were unable to write, nuncupative wills for disposition of personal property were as freely and fully recognized as those reduced to writing (28 R.C.L. 69, 110, 154), with the advance of literacy the rule of law has been changed, and in modern days the acceptance of nuncupative wills is severely restricted by explicit statutes. And so, while natural sentiments of justice and equity impel one to seek for a legal manner in which the finally expressed desire of the decedent with respect to his estate may be effectuated, no such way is open in this proceeding; but the decision here made will not preclude an appeal to the Alaska Territorial Legislature to bring about through legislative appropriation what LeRoy Bradley himself wished, but failed legally, to accomplish.

The order therefore will be: (1) To reverse the order of the Probate Court made and entered therein on April 25, 1944, admitting to probate the alleged nuncupative will of said decedent; and (2) to reverse that portion of the judgment and decree of the Probate Court made and entered therein on August 23, 1944, wherein the court declared that Resurrection Lodge No. 7A, Independent Order of Odd Fellows, Seward, Alaska, is the sole legatee, devisee

and beneficiary under the last will of said LeRoy Bradley, deceased, and as such is entitled to all the real and personal property of said estate remaining after administration; and (3) to direct the Probate Court to proceed without delay to the payment of all remaining costs and expenses of administration and valid claims against the estate and to set over and deliver all of the estate remaining after administration to the Territory of Alaska as escheat, unless in the meantime lawful heirs of the decedent appear to claim the estate.

Counsel for the Territory may prepare an order accordingly.